BROOKLYN HEIGHTS R. CO. v. MacLAURY.

(Circuit Court of Appeals, Second Circuit. April 3, 1901.)

No. 134.

1. PERSONAL INJURIES—PLEADING.

Injury to eyesight may be proved under a complaint alleging that plaintiff was hurled forward with such force as to bruise her knee, wrench her arm, and "otherwise seriously and grievously injure her."

2. SAME—EVIDENCE.

The question of whether plaintiff's impairment of eyesight was attributable to the accident, where she received blows on other parts of the body, and a nervous shock, should not be left to the jury, there being no testimony or proof that such blows might be expected to produce such impairment.

In Error to the Circuit Court of the United States for the Eastern District of New York.

This cause comes here upon a writ of error to review a judgment of the circuit court, Eastern district of New York, entered upon the verdict of a jury in favor of defendant in error, who was plaintiff below, for $4,000 damages for personal injuries suffered by reason of the negligence of plaintiff in error, which was defendant below.

John L. Wells, for plaintiff in error.

Milton Hopkins, for defendant in error.

Before LACOMBE, Circuit Judge, and THOMAS, District Judge.

LACOMBE, Circuit Judge. It is not disputed that defendant was negligent, and there is no contention that plaintiff, who, on June 8, 1898, was a passenger on one of defendant's cars, was guilty of any contributory negligence. That plaintiff was entitled to a verdict in some amount is conceded, but it is contended that $4,000 is an excessive sum. The amount of the verdict, however, is not reviewable here. There remains, therefore, but a single question for discussion. It is assigned as error that the court admitted certain testimony given by plaintiff herself as to the condition of her eyes subsequent to the accident. The complaint alleges that:

"The plaintiff was hurled forward with such force as to bruise her right knee; sprain, contuse, and shock the right knee joint; wrench her right arm; and otherwise seriously and grievously injure her; and to receive a severe and violent shock to her system, by reason whereof she * * * is, as she believes, permanently injured, so that she will never be as strong or able to pursue her vocation as heretofore."

The proof showed that plaintiff (the car being in collision with another) was thrown from her seat, striking her knee, elbow, and chest. After describing her injuries and condition before and since the accident, plaintiff was allowed, against defendant's objection and exception, to testify as follows:

"I have had trouble with my eyes since this accident. The condition of my eyes at any time since the accident has been, the first summer objects were distorted; I couldn't see properly; and since then my sight has been very strange. I cannot use my eyes any length of time. I have had glasses changed continually, and wear glasses all the time now, which I did not

before. The present condition of my eyes, as near as I can state, is there seems to be a lack of power to see. I can't see well. I can't read. I can't sew, and I can't write. I have consulted an oculist in reference to them, and treatment has been prescribed for them. I have had glasses prescribed by the oculist. I have followed out the treatment and purchase of the glasses directed. I wore glasses before the accident for reading occasionally, not constantly. I now wear them constantly."

It was duly objected that these injuries were not specified in the complaint. Such objection is without merit, in view of the comprehensive phrase, "otherwise seriously and grievously injure her," which will be found in the excerpt from the complaint supra. If defendant wished to be more specifically advised what alleged injuries resulting from the accident it was called on to respond for, it should have moved for a bill of particulars. It was further objected that the trouble with her eyes was not shown to be connected with the accident. The order of proof is largely in the discretion of the trial court, which may properly admit evidence of symptoms first, and evidence as to the cause thereof afterwards. The circumstance that counsel for plaintiff asked these questions about the eyesight was no doubt taken as an indication that he intended subsequently to call some competent witness who would testify that blows or a nervous shock such as the plaintiff received have been known to produce, or were competent to produce, such affection of the eyesight. No such proof, however, was produced. The plaintiff's regular physician, and an eminent surgeon who had been called in consultation, testified at great length to her other injuries; but no one made any statement which could possibly be stretched into an assertion that there could be any causal connection between the blow and its resultant injuries and the impaired eyesight. Plaintiff having rested, defendant's counsel moved to "strike out all the testimony of the plaintiff given by her to the effect that she has had trouble with her eyes, on the ground that it has not been connected or shown that it came from this accident, or from any injury she received at the time and place mentioned in the complaint." The motion was denied, and defendant excepted. Inasmuch as neither the court nor the jury can assume without proof that a blow on the knee, elbow, or chest, or a nervous shock ensuing thereon, may be expected to produce an impairment of the eyesight such as plaintiff had described, it was error to deny this motion. It is contended that it was harmless error; that it was cured by the charge. After discussing the nervous disturbance complained of, the judge charged:

"In this connection, perhaps, attention should be called to the alleged injury to the eyes. The plaintiff states that before the accident she used glasses simply for reading, and now she uses glasses constantly. There is no evidence whatsoever of any organic injury to the eye. There is no evidence of any local injury. Therefore you would be limited to determine that any impairment of sight arose from some general effect upon the whole system arising from the accident, if you should so find the fact to be. At least, you could go no further than that."

He further charged that:

"On this question of damages the burden of proof is on the plaintiff. It is her duty to convince you by preponderance of evidence that she has sus-

tained injury, and also that the injury arose from the accident, and not from other cause. That means that there should be a greater weight of evidence—that the quality and convincing power of force of the evidence offered in her behalf should be greater—than that offered by the defendant."

Exception being taken to the charge as to impairment of sight, the court added:

"Perhaps I entered too far into the medical phase of the matter. I will modify that statement by saying, if they find her impairment of sight is attributable to this accident in any way, they can make compensation for it. What I desired to call the attention of the jury to was that there was no evidence of organic lesion or local lesion, and therefore that it must have been some general condition of the body that produced the impairment, if anything. But I leave the jury to say what the impairment of sight came from, and allow them to give compensation if they find it arose from this accident."

—To which defendant excepted.

We are not satisfied that this language cured the error in refusing to strike out all the evidence as to impaired eyesight. On the contrary, by leaving it to them to find whether or not the impairment was attributable to the accident, the jury must have understood that there was, in the opinion of the court, some evidence in the case, which, if it were credited, would establish a causal connection between the two. But in fact there is not a scintilla of any such evidence in the case. We cannot tell from their verdict whether or not the jury gave anything for the impaired eyesight, and cannot say that the damages were not increased by allowing the plaintiff's testimony as to her inability to read, write, and sew to remain in the case.

The judgment is reversed; new trial ordered.