## TERRE HAUTE & INDIANAPOLIS RAILROAD COMPANY *v.* PRITCHARD.

[No. 5,649.    Filed March 7, 1906.]

1.    TRIAL. — *Instructions.* — *Carriers.—Passengers.—Ejection.— Unnecessary Force.*—An instruction that the carrier is liable for the use of unnecessary force in the ejection of a passenger is within the issues where one paragraph of the complaint alleges an assault and battery upon plaintiff after presentation of his ticket, and another paragraph, before time was given for a presentation of his ticket, especially where the jury was further instructed that a passenger must not only have his ticket but must tender it when demanded.    p. 422.

2. TRIAL. — *Carriers.* — *Passengers.*—*Ejection.*—*Pleading.*—*Evidence.*—Where a complaint alleges that the conductor of defendant company's train forcibly ejected plaintiff and in so doing greatly bruised plaintiff about the head, face and body, evidence that plaintiff's ear drum was injured and his hearing impaired is admissible. p. 423.

From Hendricks Circuit Court; *Thomas J. Cofer,* Judge.

Action by Del Pritchard against the Terre Haute & Indianapolis Railroad Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*James L. Clark* and *John G. Williams,* for appellant.
*Brill & Harvey,* for appellee.

COMSTOCK, J.—Action to recover damages for the alleged wrongful ejection of appellee from appellant's cars on May 9, 1896. The complaint is in two paragraphs. The first alleges that the plaintiff purchased from the defendant's agent at Amo, Hendricks county, a round-trip ticket entitling him to ride on its line of cars from said town of Amo to said city of Indianapolis and return, and took passage on said road on said date, and rode over said line of railroad from Amo to Indianapolis, and surrendered to the conductor in charge of said train that portion of his ticket which entitled him to ride to said city of Indianapolis, and retained that portion of said ticket which entitled him to ride on said day from said city of Indianapolis to said town of Amo, and on said day plaintiff took passage on the defendant's cars at the city of Indianapolis for said town of Amo with said return ticket in his possession; that while plaintiff was so riding on defendant's cars the defendant's agents and employes in charge of said train wrongfully and violently assaulted him, and although plaintiff tendered to the regular conductor his ticket which entitled him to ride to said town of Amo, said conductor violently choked him, struck him several heavy blows in the face, kicked him on the head and body, and stopped

said train and forcibly ejected plaintiff from said cars, in the country, at no regular station, more than ten miles from said town of Amo; that plaintiff never at any time refused to deliver his said ticket, and was in all things conducting himself in a gentlemanly and orderly manner; that by reason of said assault the plaintiff was greatly bruised about the head, face and body, and was compelled to walk to Plainfield, a distance of about three miles, etc. And by reason of said assault he became nervous, prostrated and humiliated, all to his damage in the sum of $1,000, etc.

The second paragraph is the same as the first, except that it alleges that plaintiff was assaulted "before he was given an opportunity to produce said ticket, and the conductor in charge of said train continued to beat and bruise him on the face and body, although the plaintiff was making no resistance; that all of said time plaintiff was hunting for his ticket, and so stated to said conductor, and told him (said conductor) that he had in his possession a ticket entitling him to ride to said town of Amo, and asked him (said conductor) to allow him to find said ticket, but said conductor continued to beat and bruise him, without allowing him an opportunity to find said ticket, and with great violence ejected him from said cars."

The cause was put at issue and the trial by jury resulted in a verdict on which judgment was rendered in favor of plaintiff in the sum of $300. Appellant's motion for a new trial was overruled. That action of the court is relied upon for reversal of the judgment.

The giving of instruction three is made one of the reasons for a new trial. Said instruction reads as follows:

"A conductor or agent on a railroad train has a
1. right to expel a passenger for the nonpayment of his fare, or upon his refusal to deliver his ticket within a reasonable time, but he has no right to use any more force than is reasonably necessary for that purpose; and in this case, even if you should find that the plaintiff

refused to pay his fare or surrender his ticket, the agent of the company had no right to use unnecessary force or violence toward the plaintiff, and if you find that he did use more force than was reasonably necessary, you should find for the plaintiff." It is contended that the giving of this instruction was error, because "upon a theory not set up in the pleadings nor within the evidence in this cause;" that the complaint proceeds upon the theory that the plaintiff was rightfully upon appellant's train, and was wrongfully ejected; that the instruction is on the theory that he was wrongfully on defendant's train and was properly ejected, except that excessive force was used. We think it proper in this connection to set out instruction two, given. It is as follows: "It is not sufficient that a passenger has a ticket in his possession, but he must offer to surrender it, and actually tender it to the proper conductor, when demanded, to entitle the passenger to the rights of a passenger." Appellee testified that he had the ticket in his possession, but was unable to find it upon demand; and that he offered to pay his fare. The conductor of appellant's train testified that the plaintiff refused to give a ticket or to pay his fare. These instructions, we think, are pertinent to the pleadings, and within the evidence. Some fault is found with other instructions; but, considered together, they fairly present the law, and were not prejudicial to appellant.

Objection was made and overruled to certain questions addressed to W. M. O'Brien, witness for the plaintiff. They were as follows: "What effect upon the hearing or tingling sound of the ear, such as he showed you at the time, have upon the patient's hearing? A. Of course there might be a congestion of the drum, due to the status of blood, or something of that nature that caused a congestion or stopped the circulation to some extent. I will ask if from that time to the present, if a patient had a kind of ringing noise in his ear at the time,

if it could be attributed to the injury that you observed there near his ear, which you have described? A. It is probable it could be. I will ask you if he had never had any bruises or gashes or cuts about the location of his ear until that particular time, and from the time of receiving it he had a ringing noise in his ear, and was slightly deaf or his hearing impaired, if that could be attributed to the injury you found at that time? A. Yes; I think so."

The admission of this testimony is also set out as a reason for a new trial. It is argued that this testimony was inadmissible, because "there is no allegation in the complaint that said injury was received by the plaintiff." The complaint alleges that the plaintiff was greatly bruised about the head, face and body. This allegation was sufficient to authorize the introduction of evidence of particular injuries to the head and face, including that to the senses of sight and hearing. There is evidence in support of the verdict, and we find no reversible error.

Affirmed.

## CONCURRING OPINION.

ROBY, C. J.—I think the motion for a new trial ought to have been sustained; but there is evidence tending to support the verdict, and I therefore reluctantly concur.