Was the rule reasonable, designed to carry out the purpose of the law and not to defeat it? We think this rule, to be reasonable and proper, designed to promote the efficiency of the service, and in harmony with the spirit of the civil service provisions of the Constitution and laws made thereunder. The court has the power to review such a rule and to declare it invalid if it does offend such spirit and purpose, and it will not hesitate, in a proper case, to exercise such power.

In the case at bar, the decision of the court below was right, and the order appealed from should be affirmed, with $10 costs, and disbursements. All concur.

---

(111 App. Div. 548)

### RUDOMIN v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. March 9, 1906.)

1. DAMAGES—ISSUES AND PROOF—PERSONAL INJURIES.

In an action for personal injuries, the complaint alleged that plaintiff sustained a compound fracture of his skull; that his arm, elbow, ankle, legs, and back were cut, bruised, and contused; that the fracture was a permanent and incurable injury, and 'was and would be "the cause of plaintiff's being, becoming, and remaining afflicted with diseases" ; and that by reason of his said injuries "his physical and mental abilities have been and will remain impaired, lessened, and destroyed." *Held*, that plaintiff was entitled to prove an impairment of his eyesight, as well as any diseases directly traceable to the fracture of the skull or the injury to, his arm, elbow, ankle, and leg.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Damages, §§ 441-446.]

2. APPEAL—EXCEPTIONS—INSTRUCTIONS.

In an action for personal injuries, plaintiff's counsel, in presenting. the case to the jury, stated that he proposed to offer proof that plaintiff's eyesight had been impaired. Defendant's counsel then objected that such proof would not be admissible under the complaint, and the court sustained the objection, and so instructed the jury, to which an exception was taken. The question was also presented on the examination of plaintiff's witness when the testimony was excluded by the court, and an excep-. tion taken thereto. *Held*, that plaintiff was not required to take an exception to the charge of the jury bearing upon the question of damages.

Appeal from Trial Term, New York County.

Action by Joseph Rudomin against the Interurban Street Railway Company. From a judgment for a part only of the amount claimed; plaintiff appeals. Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, McLAUGHLIN, LAUGHLIN, and HOUGHTON, JJ.

George J. Gruenberg; for appellant.

Bayard H. Ames, for respondent.

McLAUGHLIN, J. This action was brought to recover damages for personal injuries alleged to have been sustained by reason of defendant's negligence in suddenly starting a car which plaintiff was about to board. The injuries received were serious. The skull was fractured to such an extent that it became necessary to remove a piece of bone about two inches long, by one and a half to one and three-quar-

ters inches wide, from the left side of the forehead, which left the brain exposed except for the skin and the covering on the brain itself. He was also injured in other respects. Plaintiff had a verdict for $2,000, and from the judgment entered thereon he has appealed.

At the trial he sought to show as a result of the injury an impairment of the eyesight. The testimony, however, bearing on this subject was excluded, and an exception taken on the ground that such proof was inadmissible under the allegations of the complaint. He also attempted to show that, as a result of his injuries, he was suffering at the time of the trial from varicose veins. This testimony was also excluded for a similar reason.

The main question presented, therefore, on this appeal is whether, under the allegations of the complaint, plaintiff was entitled to make this proof. The complaint alleged that by reason of the negligence of the defendant "the plaintiff sustained a compound fracture of his skull, his arm, elbow, ankle, legs, and back were cut, bruised, and contused, and the said fracture made it necessary to have, and the plaintiff did have, a surgical operation performed on his skull and have certain bones and pieces of skull and pieces of skin and flesh extracted and removed therefrom, which left his brain at the said break in an exposed condition and without any protection other than the skin which has grown over the said break; that the said break in the plaintiff's skull is a permanent and incurable injury, and is and will be the cause of the plaintiff's being, becoming, and remaining afflicted with diseases; that by reason of his said injuries the plaintiff has suffered and will continue to suffer great physical pain and mental anguish, and his physical and mental abilities have been and will remain impaired, lessened, and destroyed." I am of the opinion that under this allegation the plaintiff was entitled to prove an impairment of the eyesight or any other impairment of his mental or physical abilities, as well as any disease with which he was afflicted, which he could prove was directly traceable to or proximately flowed from the fracture of the skull, the injury to "his arm, elbow, ankle, legs, and back."

The leading case on the subject as to what can be proved in an action of this character under a general allegation of bodily injuries is Ehrgott v. Mayor, 96 N. Y. 264, 48 Am. Dec. 622. There the allegation was that the plaintiff had "suffered great bodily injury; that he became and still continues to be sick, sore, and disabled," and it was held that this was a sufficient allegation to entitle the plaintiff to prove a disease of the spine. But it is claimed that the rule laid down in this case has been qualified to a certain extent by the more recent case of Kleiner v. Third Avenue Railroad Co., 162 N. Y. 193, 56 N. E. 497. This case does not, in express terms, either modify or qualify the rule laid down in the Ehrgott Case, nor do I think, when carefully considered, it changes the rule there stated. The rule now seems to be that under a general allegation of bodily injuries the plaintiff may prove any injury to his person, and, if the defendant desires that they should be more definitely stated, then it should move to have them made more specific or for a bill of particulars. But, where the complaint specifies

the injuries received, then proof cannot be given of any other injuries unless they necessarily and immediately flow from those named.

In the Kleiner Case the allegation of the complaint was that the plaintiff had received severe and painful contusions to her head, body, and arms, and that her scalp had been lacerated, "whereby she sustained severe nervous shock and concussion of the brain and injured her eyesight and she was for a time rendered unconscious, and she thereby sustained permanent injuries and was injured for life." Under this allegation the plaintiff was permitted to prove that the dorsal muscle of the right side was paralyzed, and that she suffered from vertigo, curvature of the spine, and other diseases. This was held error; the court holding that the principle in the Ehrgott Case did not apply, inasmuch as the plaintiff had specified the injuries which she had sustained, and that the allegation was that she "thereby sustained permanent injuries, thus in effect limiting her permanent injuries to those previously alleged." In the case now before us the allegation is that the injury to the skull is and will be the cause of plaintiff's becoming and remaining afflicted with diseases. He was, therefore, entitled to prove that he was afflicted or would be afflicted with any disease which was the direct result of this injury, whether it be an impairment of the eyesight or varicose veins. Then, too, under the allegation that by reason of the injuries specified plaintiff's "physical and mental abilities have been and will remain impaired," he was entitled to prove that his ability to see had either been wholly or partially destroyed. Impairment of the eyesight, either complete or partial, resulting from an injury to the skull, if not a disease, is certainly an impairment of one's physical ability to see.

That plaintiff was entitled to make this proof is clearly established by numerous decisions of this court. In Eichholz v. Niagara Falls H. P. & M. Co., 68 App. Div. 441, 73 N. Y. Supp. 842, affirmed 174 N. Y. 519, 66 N. E. 1107, the complaint alleged that the plaintiff "was greatly shocked and bruised about his body, his spinal column strained and injured, and his leg bruised, and the cords and muscles lacerated, torn, and disconnected from the bone and otherwise injuring plaintiff and causing him great pain and suffering, and he was rendered sick, sore, and lame, and now is and ever since has remained sick, sore, and lame." It was held that this allegation was sufficient to warrant the admission of proof that the plaintiff, as the result of the accident, was suffering from diabetes. In Graham v. Bauland Co., 97 App. Div. 141, 89 N. Y. Supp. 595, the complaint alleged that the plaintiff was seriously and permanently bruised and injured, and it was held that proof was admissible, tending to show an impairment of eyesight and hearing. In Mullady v. Brooklyn Heights R. R. Co., 65 App Div. 549, 72 N. Y. Supp. 911, it was held that an allegation in the complaint that the plaintiff sustained serious and lasting bodily injuries to his head, limbs, and nervous system entitled him to prove, not only impairment of eyesight, but hearing. And to the same effect is Quirk v. Seigel-Cooper Co., 43 App. Div. 464, 60 N. Y. Supp. 228.

A case which seems to be directly in point is Radjaviller v. Third

Ave. R. R. Co., 58 App. Div. 11, 68 N. Y. Supp. 617, in which the opinion of this court was delivered by the present presiding justice. There the complaint alleged that the plaintiff sustained severe injuries on her left foot, left arm, left side of her head, and her entire left side. It was there held that this allegation entitled the plaintiff to introduce proof to the effect that she sustained an injury to her left ear. See, also, Bolte v. Third Ave. R. R. Co., 38 App. Div. 234, 56 N. Y. Supp. 1038; Garbaczewski v. Third Ave. R. R. Co., 5 App. Div. 186, 39 N. Y. Supp. 33. Here the injuries are alleged, as it seems to me, in a much more general way than in some of the cases cited. The allegation is that the injury to the skull has been, is, and will be, the cause of plaintiff's becoming and remaining afflicted with diseases. If, as already suggested, an impairment of the eyesight is a disease, then proof would be admissible under this allegation; and this applies equally to the proof as to the varicose veins. Then, under the allegation, as to the injury to the skull, plaintiff's "physical and mental abilities have been and will remain impaired," he was entitled to show an impairment of any of the physical conditions of the body, which, of course, included seeing.

But it is suggested that the appellant is not in a position to take advantage of these rulings, inasmuch as no exception was taken to the charge to the jury bearing upon the question of damages. There was no necessity for taking an exception in order to raise the errors here alleged. When the plaintiff's counsel opened the case to the jury, he stated that he proposed to offer proof that the plaintiff's eyesight had been impaired. Defendant's counsel then objected that such proof would be inadmissible under the complaint, and the court held that such proof was inadmissible and so instructed the jury, to which an exception was taken. The question was also presented sharply when the plaintiff put Dr. Wolff, an eye expert, upon the stand, and, after qualifying him, asked the following question: "State what you found to be his condition." The objection then was interposed that, if it were sought to show an impairment of the eyesight, it was inadmissible under the complaint. Plaintiff's counsel stated that the purpose of this proof was to show that the plaintiff had lost the power of his eyesight by the fracture of his skull. The objection was sustained and an exception taken. And a similar ruling was made and an exception taken when proof was offered as to the varicose veins, and in excluding this proof I think the court erred and a new trial should be ordered. Other errors are alleged which would require serious consideration; but, inasmuch as there must be a new trial, it is unnecessary to here consider them.

The judgment and order appealed from, therefore, should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.