GORDON, Respondent, v. NORTHERN PACIFIC RAILWAY
CO. et al., Appellants.

(No. 2,697.)

(Submitted October 26, 1909.   Decided November 8, 1909.)

[104 Pac. 679.]

*Personal Injuries—Special Damages—Pleading and Proof—*
*Judicial Notice—Loss of Earnings.*

Personal Injuries—Special Damages—Pleading.
    1.   Special damages, *i. e.*, damages which are the natural, but not the necessary, result of an injury, must be specifically pleaded.

Same—Special Damages—Pleading—Evidence—Admissibility.
    2.   Plaintiff alleged in his complaint that while employed about a railway locomotive the water gauge thereon exploded, with the result that the sight of his right eye was destroyed.   There was no allegation that the left eye had been injured.   Over objection, he was permitted to show that, as a result of the accident, the sight of his left eye had been greatly impaired; he did not introduce any testimony that such impairment was the *necessary* result of the destruction of the right eye.   *Held*, that in the absence of such proof, or an allegation specially pleading injury to the left eye, evidence relative thereto was inadmissible.

Same—Judicial Notice—Laws of Nature.
    3.   While courts may take judicial notice of the fact that destruction of the sight of one eye impairs the power of vision, they may not assume, without proof, that such destruction necessarily affects the sight of the other eye injuriously.

Same—Complaint—Evidence—Inadmissibility.
    4.   Assuming that an allegation in plaintiff's complaint that he suffered excruciating pain on account of the injury to his right eye was sufficient to admit evidence of pain in the other, it was not broad enough to enable him to show that the sight of the left eye had been greatly impaired.

Same—Loss of Earnings—Proof—Inadmissibility.
    5.   It was error to permit plaintiff, under his case as made (paragraph 2 above), to submit evidence of loss of time on account of impairment of the sight of his left eye.

Same—Loss of Earnings—Pleading and Proof.
    6.   *Quaere*: May plaintiff in a personal injury action prove loss of earnings without specifically alleging the fact of such loss?

*Appeal from District Court, Broadwater County; W. R. C.*
*Stewart, Judge.*

Action by Clifford Gordon against the Northern Pacific Railway Company and another.   Judgment for plaintiff, and de-

fendants appeal from it and an order denying them a new trial. Reversed and remanded.

*Mr. Wm. Wallace, Jr., Mr. John G. Brown,* and *Mr. R. F. Gaines* filed a brief for Appellants; *Mr. Brown* argued the cause orally.

The allegations of the complaint are noticeable for their absence of any claim for anything other than the injury to the right eye occasioned by the loss of sight therein and the pain attendant thereto. There is no general or broad allegation with reference to general suffering or the possibility of other disabilities under which proof of injuries other than those specified has been allowed in some courts in particular instances. Therefore, the admission in evidence of testimony concerning the condition of plaintiff's left eye, the pain and suffering therefrom, and the effect of the left eye's impairment upon his ability to work, was error. The allegations should be of such a character as to fully and fairly acquaint the defendant with the nature of the testimony upon which plaintiff intends to rely. (*City of Dallas* v. *McCullough* (Tex. Civ. App.), 95 S. W. 1121; *Joliet* v. *Johnson,* 177 Ill. 178, 52 N. E. 498; *Cronin* v. *Street Ry. Co.,* 82 App. Div. 227, 81 N. Y. Supp. 752; *Hess* v. *Street Ry. Co.,* 57 N. Y. Supp. 222; *Southern Pac. Ry. Co.* v. *Martin,* 98 Tex. 322, 83 S. W. 675; *Thompson* v. *Railway,* 111 Mo. App. 465, 86 S. W. 465; *Maynard* v. *Railroad Co.,* 43 Or. 63, 72 Pac. 590; *Dittman* v. *Light Co.,* 87 App. Div. 68, 83 N. Y. Supp. 1078.) When a pleader particularizes, he denies himself the implications given by law, and his specifying his damages is taken by the defendant as a bill of particulars, and the latter is not expected to anticipate proof on something not alleged, nor will such proof be admissible.

Where the allegation was as to injury to back, proof of injury to leg held inadmissible (*O'Conner* v. *Prendergrast,* 99 Ill. App. 531); allegation as to leg, proof of injury to foot inadmissible (*Railway* v. *Beasley,* 9 Tex. Civ. App. 569, 29 S. W. 1121); allegation of injury to spine, proof as to injury to breast

inadmissible (*Fuller* v. *City of Jackson,* 92 Mich. 197, 52 N. W. 1075) ; allegation as to face, proof of functionary trouble inadmissible (*Thompson* v. *Railway, supra*) ; allegation as to spine and nerve injury, proof as to injury to eyes inadmissible (*Express Co.* v. *Boyle,* 39 Tex. Civ. App. 365, 87 S. W. 164) ; allegation of back injury, proof as to loss of sexual power inadmissible (*Jones* v. *Railway,* 63 App. Div. 607, 71 N. Y. Supp. 647; *Page* v. *Canal Co.,* 76 App. Div. 160, 78 N. Y. Supp. 454) ; allegation of sprain, proof of kidney trouble inadmissible (*Railway* v. *Rogers,* 21 Tex. Civ. App. 605, 53 S. W. 366) ; allegation of injury to right eye, proof of injury to left eye inadmissible (*Dittman* v. *Light Co., supra*).

The court also erred in permitting testimony relative to plaintiff's loss of earning capacity to be introduced. There is nothing whatever in the complaint which advises defendants that there would be proof offered as to his diminished power to work, or his losing any work or position by reason of his left eye, or both his eyes. This being true, he was not entitled to submit proof upon it. It is special damages and should, therefore, in the absence of any general allegation, be specifically pleaded before proof is admissible. (*Missouri Ry. Co.* v. *Dawson,* 10 Tex. Civ. App. 19, 29 S. W. 1106; *Zongker* v. *People's Union Mercantile Co.,* 110 Mo. App. 382, 86 S. W. 486; *Fitchburg* v. *Donnelly,* 87 Fed. 135, 30 C. C. A. 580; *Lodwick L. Co.* v. *Taylor,* 39 Tex. Civ. App. 302, 87 S. W. 358; *Krueger* v. *Railway,* 94 Mo. App. 458, 68 S. W. 220; *Finken* v. *Brass Co.,* 73 Conn. 423, 47 Atl. 670.)

There was a brief by *Messrs. Walsh & Nolan,* in behalf of Respondent, and oral argument by *Mr. C. B. Nolan.*

It is claimed that under the allegations of the complaint no evidence whatever should have been permitted as to the condition of the left eye. If the left eye is affected at all it is affected as an incident of the injury done to the right eye, and it is, therefore, proper to inquire whether or not the visual powers of the respondent are in any manner impaired by the

complete destruction of one eye. Courts are inclined to reasonable liberality in matters of this kind, in the extent to which proof is admitted showing the consequences of the injury. Expressive of that principle, the following cases have been selected from many: An allegation that plaintiff was seriously and permanently injured is broad enough to admit proof of any bodily injury which resulted in impairment of hearing and sight. (*Graham* v. *Bauland Co.,* 97 App. Div. 141, 89 N. Y. Supp. 595.) An allegation of injuries to the head is broad enough to admit evidence that the injury received caused pressure of and injury to the brain. (*Fleming* v. *Tuttle,* 98 App. Div. 222, 90 N. Y. Supp. 661.) Proof of uterine trouble is admissible under an averment that plaintiff became sick, sore and disabled. (*Lofink* v. *Rapid Transit Co.,* 106 App. Div. 202, 94 N. Y. Supp. 150.) Heart trouble and neuralgia may be shown under the averment of serious and lasting internal injury. (*Rice* v. *Wallowa Co.,* 46 Or. 574, 81 Pac. 358.) A general averment of bodily injury is sufficient to admit proof of particular injuries, objection being first made at the trial. (*Wilbur* v. *Southwestern Mo. Elec. R. Co.,* 110 Mo. App. 689, 85 S. W. 671.) Averment of injury to head and back, causing great pain and mental anguish and permanent injury to back, authorized proof of fainting and dizzy spells. (*Hollingworth* v. *Ft. Dodge,* 125 Iowa, 627, 101 N. W. 455.) Where the complaint alleged that the plaintiff was made sick by his injury, proof of the specific diseases which directly resulted from his injury was admissible without a more specific allegation thereof, and proof of the existence of pleurisy was held competent, though not alleged. (*Lauder* v. *Currier,* 3 Cal. App. 28, 84 Pac. 217.) A declaration alleging that by reason of the injury plaintiff became sick, sore, lame and disabled is sufficient to warrant the admission of evidence to show that the plaintiff suffered from rheumatism as a result of the injury, and that his hearing was impaired. (*Chicago Gen. Ry. Co.* v. *Kriz,* 94 Ill. App. 277.) In pleading the character of the injury, it is not necessary to give a catalogue of every subordinate result following there-

from in order to introduce proof of such results. (*Cudahy Packing Co.* v. *Broadbent,* 70 Kan. 535, 79 Pac. 126.) Results of injuries may be proven, though only the injuries are set out in the pleading. (*Snyder* v. *City of Albion,* 113 Mich. 275, 71 N. W. 475.) The proposition now under consideration was fully discussed in the case of *Montgomery* v. *Lansing City Elec. Ry. Co.,* 103 Mich. 46, 61 N. W. 543, 29 L. R. A. 287. Evidence that plaintiff's general health had been impaired by the injury was properly admitted, though no such impairment had been alleged in the complaint. (*Youngblood* v. *South Carolina & G. R. Co.,* 60 S. C. 9, 85 Am. St. Rep. 824, 38 S. E. 232.) The loss of a general prospect of marriage, in the case of a child, by reason of an injury which disfigured her, is a natural consequence of the injury, and may be taken into consideration as an element of general damages without a special allegation in regard to it. (*Smith* v. *Pittsburg & W. R. Co.,* 90 Fed. 783.) An allegation that plaintiff sustained bodily injuries is sufficient to admit evidence of injury to the eyesight. (*Quirk* v. *Seigel, Cooper & Co.,* 43 App. Div. 464, 60 N. Y. Supp. 228.) Where the plaintiff alleged that he sustained serious and lasting bodily injuries to his head, limbs and nervous system, it was not error to admit testimony of impaired hearing and eyesight. (*Mullady* v. *Brooklyn Heights R. Co.,* 65 App. Div. 549, 72 N. Y. Supp. 911.) Where the complaint alleged injuries to the right leg so that it was knocked out of place, became injured and a great strain put upon the whole body, causing a lesion of the kidneys and other internal organs, evidence as to impairment of the eyesight was held to be competent. (*Bodie* v. *Charlestown & W. C. Ry.,* 61 S. C. 468, 39 S. E. 715.) The case of *Maitland* v. *Gilbert Paper Co.,* 97 Wis. 476, 65 Am. St. Rep. 137, 72 N. W. 1124, is directly in point. There, as here, the injury was caused by the bursting of a water glass, and the allegation was that it suddenly burst, causing the glass, steam and hot water to strike plaintiff in his left eye and injuring it to such an extent as to destroy it. There was no allegation that the injury caused excruciating pain. The court

held that evidence respecting the effect of the injury on plaintiff's right eye was properly admitted.

Evidence as to impaired earning capacity was properly considered as an element of damage. (13 Cyc., p. 187; *Hamilton* v. *Great Falls*, 17 Mont. 334, 42 Pac. 860, 43 Pac. 713; *El Paso S. W. R. Co.* v. *Barrett.* (Tex. Civ. App.), 101 S. W. 1025; *City of Bloomington* v. *Chamberlain*, 104 Ill. 268; *Chicago City Ry. Co.* v. *Hastings*, 136 Ill. 251, 26 N. E. 594; *Joslin* v. *Grand Rapids Ice Co.*, 50 Mich. 516, 45 Am. Rep. 54, 15 N. W. 887; *Doherty* v. *Lord*, 8 Misc. Rep. 227, 28 N. Y. Supp. 720; *Texas & P. Ry. Co.* v. *Bowlin* (Tex. Civ. App.), 32 S. W. 918.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In May, 1905, the plaintiff, Clifford Gordon, was employed by the Northern Pacific Railway Company, at Townsend. His employment required him to look after locomotives standing in the yards, to keep the fires burning, and to keep sufficient water in the boilers. In order to determine the quantity of water in the boiler, every locomotive is supplied with a water-gauge. This gauge is a glass tube with appropriate fastenings and connections, and indicates the amount of water in the boiler. The plaintiff's employment required him to make a visual examination of this water-gauge at intervals, and, while making an examination on one of the locomotives left in his charge on May 10, 1905, the water-gauge exploded, to use the language of the complaint, and fragments of glass struck the plaintiff in his right eye and destroyed the sight. He brought this action against the railway company and A. B. Ellis, the engineer who brought the locomotive in question into the Townsend yards immediately before plaintiff was injured. It is charged that it was the duty of the railway company to provide a guard for the water-gauge, so that, in case of the accidental breaking of the glass tube, injury to anyone whose duty it was to be about the gauge would not likely result. It is likewise charged that it was the duty of the engineer to see that such guard was in

place, but that, in disregard of such duty, this locomotive in question did not have any guard for the water-gauge. The issues presented the questions of negligence on the part of the defendants, and contributory negligence and assumption of risk on the part of the plaintiff. The trial resulted in a verdict and judgment in favor of the plaintiff, and, from the judgment and an order refusing defendants a new trial, these appeals are prosecuted. While there are several specifications of error, they raise but two questions of serious moment.

1. That part of the complaint descriptive of the injuries received by plaintiff is as follows: " * * * Glass flying at random struck the right eye of the plaintiff, inflicting injuries thereon which resulted in the complete destruction of the sight of said eye, and which injuries occasioned excruciating pain, all to his damage in the sum of * * * ." Upon the trial the plaintiff introduced evidence, over the objection of the defendants, that, as a result of the injury to his right eye, the sight of his left eye was greatly impaired. Counsel for respondent urge upon us three reasons in support of the court's ruling:

(a) It is argued that the damages arising from the evil results to the left eye are general damages, and evidence of them can be introduced without specially pleading the fact of such resulting injury. While the authorities are not always careful in the selection of terms by means of which to express the rules governing general and special damages, the rules themselves are uniformly recognized, and for the purpose of securing fair statements of them it is not necessary to go beyond the authorities cited by counsel for respondent. In opening their argument upon this branch of the case, they say in their brief: "The rule generally recognized is stated as follows: 'All damages that necessarily flow from the injury complained of may be recovered without special averments; but such as are merely the natural or proximate, but not the necessary, result, must be specially averred.' " (5 Current Law, p. 932.)

One of the cases cited by respondent is *Montgomery* v. *Lansing City Electric Ry. Co.,* 103 Mich. 46, 61 N. W. 543, 29 L. R. A. 287, wherein reference is made to the rule as stated by Chitty, as follows: "Whenever the damages sustained do not necessarily arise from the act complained of, and consequently are not implied in the law, in order to prevent surprise of the defendant, which otherwise might ensue on the trial, the plaintiff must, in general, state the particular damage which he has sustained, or he will not be permitted to give evidence of it." (1 Chitty on Pleading, 16th Am. ed., *p. 411.) Another case relied upon by respondent is *Louisville & N. R. Co.* v. *Dickey,* 31 Ky. Law Rep. 894, 104 S. W. 329, wherein the rule is taken from Greenleaf, as follows: "Those which *necessarily* result are termed *general damages,* being shown under the *ad damnum,* or general allegations of damages, at the end of the declaration, for the defendant must be presumed to be aware of the necessary consequences of his conduct, and therefore cannot be taken by surprise in the proof of them. * * * But where the damages, though the *natural* consequences of the act complained of, are *not* the *necessary* result of it, they are termed *special damages,* which the law does not imply; and, therefore, in order to prevent a surprise upon the defendant, they must be particularly specified in the declaration, or the plaintiff will not be permitted to give evidence of them at the trial." (Greenleaf on Evidence, 16th ed., sec. 254.) And also from the Encyclopedia of Pleading and Practice, as follows: "Special damages which are the natural but not the necessary result of the injury complained of, must be specifically pleaded. Such injuries do not necessarily result from the defendant's wrongful act, but flow from it as a natural and proximate consequence. Hence they must be specially alleged in order that the defendant may have notice thereof and be prepared to meet the same upon the trial." (5 Ency. of Pl. & Pr. 719.) As shown by these authorities, it is not enough that the resulting damage to plaintiff's left eye followed, in point of time, the injury to his right eye; nor is it sufficient that such damage was the natural re-

sult of the injury. In order to admit proof of such damage, without specially pleading it, it was necessary for plaintiff to show that such damage was the *necessary* result of the injury to his right eye, and this he failed to do.

(b) But it is said: "The court takes judicial notice of the laws of nature (section 7888, Revised Codes), and will take judicial notice of the fact that the destruction of the sight of one eye impairs the powers of vision, and that there is such a relationship between the eyes that the destruction of the sight of one necessarily affects to some extent the use of the other." Of course, this court takes judicial notice of the laws of nature, and, this being the major premise of counsel's argument, we fully agree with it; and in a general way we may likewise agree with the minor premise, that the destruction of the sight of one eye impairs the power of vision. But we do not agree with the logic which deduces from these premises the conclusion that the destruction of the sight of one eye necessarily affects, to some extent, the use of the other, if by this is meant,—as it must be intended to mean,—that the destruction of the sight of one eye necessarily injuriously affects the sight of the other. Whether such result would follow we imagine would depend upon the nature and extent of the injury and the character of treatment accorded it.

In another case cited by respondent (*Brooklyn Heights R. Co. v. MacLaury,* 107 Fed. 644, 46 C. C. A. 523), the circuit court of appeals was considering the admissibility of evidence of impaired eyesight, under a complaint which alleged that: "The plaintiff was hurled forward with such force as to bruise her right knee, sprain, contuse, and shock the right knee-joint, wrench her right arm, and otherwise seriously and grievously injure her, and to receive a severe and violent shock to her system, by reason whereof she  *  *  *  is, as she believes, permanently injured, so that she will never be as strong or able to pursue her vocation as heretofore." The trial court admitted the evidence and refused a motion to strike it out, after plaintiff had failed to introduce evidence to show the causal connection be-

tween the injury complained of and the impaired eyesight, and, speaking of the court's ruling, the court of appeals said: "Inasmuch as neither the court nor the jury can assume without proof that a blow on the knee, elbow, or chest, or a nervous shock ensuing thereon, may be expected to produce an impairment of the eyesight such as plaintiff had described, it was error to deny this motion." We agree with that conclusion and think it directly applicable to the phase of this case now under consideration. Two courses were open to the plaintiff here: First, he could have offered the testimony of competent witnesses to show that the resulting damage to his left eye was the necessary consequence of the injury to his right eye, if such is the fact; or, second, by specially pleading the facts of such resulting damage, he could have proven it, if it was the natural and proximate consequence of the injury to his right eye. He did not pursue either of these courses, and erred in the course he did pursue.

(c) But counsel for respondent further say: "The allegation, however, appears in the pleading in this case that on account of the injury the respondent suffered excruciating pain. This averment is broad enough so that proof, such as is here presented, as to the other eye, would be admissible." For the purposes of this appeal we may admit, without deciding, that the allegation that plaintiff suffered excruciating pain is sufficient to admit evidence of *pain* in the other eye; but there is not any evidence of that character in this record. The plaintiff testified: "It [the left eye] never pains particularly, only if I read a little, why, my eyes begin to water. * * * My eyes would ache in the sunlight." The purpose of this evidence, then, was not to show pain in the left eye, as a direct result or proximate consequence of the injury to the right eye, but was to show a generally weakened condition or general impairment of the left eye, and this he could not do under the case as made, as we have heretofore determined.

2. Over the objection of defendants, the plaintiff testified that, because his left eye was so weak he could not stand any

bright light, he was not able to do any work for a year after the injury. This evidence was objected to on the ground that there is not any allegation in the complaint of loss of time. Upon the question of the right of the plaintiff to recover for loss of time, without specially alleging the fact of such loss, the authorities are not altogether agreed. If the evidence in this case had been restricted to the loss of time occasioned directly by the injury to the right eye, the trial court's ruling could be sustained by many authorities; but here the loss of time appears, not as the direct result of the injury complained of, but as the result of a resulting injury, viz., the impairment of the left eye, and, since evidence of such impairment was incompetent under the case as made, it would seem to follow that evidence of the result of such impairment was likewise incompetent.

Again turning to the authorities cited by respondent, we find in *Wilbur* v. *Southwest Missouri El. Ry. Co.*, 110 Mo. App. 689, 85 S. W. 671, the court, in considering the question of the admissibility of evidence tending to show loss of time and earnings, saying: "It is the rule that damages of this kind, not being such as necessarily and naturally result from injury to the person, must be specially pleaded in the petition." And the leading case cited is *Mellor v. Missouri Pac. R. Co.*, 105 Mo. 462, 16 S. W. 849, 10 L. R. A. 36. In the *Mellor Case* the plaintiff alleged that he "was made sick and sore, suffered great pain of body and mind, and was permanently crippled, disfigured, and disabled." Speaking on the question of loss of earnings, the court said: "Next, the instruction on the measure of recovery is challenged as erroneous because it mentions 'loss of earnings' as an element of damage; whereas, the petition makes no claim for compensation on account thereof. Loss of earnings is a kind of injury which is not regarded as a necessary consequence of such acts as are complained of here, and therefore is not embraced within plaintiff's general allegations of damage. It is one sort of special damages, and consequently must, in some wise, be counted upon to constitute a basis for evidence on the subject. The purpose of this rule is to prevent surprise, and to inform

defendant of the exact scope of plaintiff's demand.'' In 5 Encyclopedia of Pleading and Practice, above, at page .758, it is said: ''In order to recover for loss of time resulting from personal injuries, the same must, as a general rule, be claimed as special damages.''

Many of the cases cited by counsel for respondent deal with complaints which contain general allegations of injury. Typical of these is *Terre Haute & I. R. Co.* v. *Pritchard,* 37 Ind. App. 420, 76 N. E. 1070, in which it is said: ''The complaint alleges that the plaintiff was greatly bruised about the head, face and body. This allegation was sufficient to authorize the introduction of evidence of particular injuries to the head and face, including that to the senses of sight and hearing.'' In the absence of a special demurrer, or a motion to make more specific, or a demand for a bill of particulars, we think the complaint in that case was sufficient to warrant the proof made. In speaking of similar general allegations, the court of appeals of Missouri, in *Wilbur* v. *Southwest Missouri El. Co.,* above, said: ''It is not to be inferred defendant would not have been entitled to a more definite statement had he, by proper motion, sought to be informed of the nature of the injuries claimed. Without filing such motion, defendant answered, putting in issue the fact of any injury. In this condition of the record the objections, made for the first time at the trial, came too late.'' But all such cases are beside the question now under consideration. In this present instance there is not any general allegation with respect to the injury complained of. On the contrary, the plaintiff particularized the injury as the destruction of the sight of his right eye, and we think the rule announced in *Rudomin* v. *Interurban St. Ry. Co.,* 111 App. Div. 548, 98 N. Y. Supp. 506, also cited by counsel for respondent, is correct, viz.: ''The rule now seems to be that under a general allegation of bodily injuries the plaintiff may prove any injury to his person, and, if the defendant desires that they should be more definitely stated, then it should move to have them made more specific or for a bill of particulars; but, where the complaint specifies the injuries received, then

proof cannot be given of any other injuries, unless they necessarily and immediately flow from those named."

In *Brooklyn Heights R. Co.* v. *MacLaury,* above, the court, after determining that incompetent evidence had been permitted to go before the jury, concluded its opinion as follows: "We cannot tell from their verdict whether or not the jury gave anything for the impaired eyesight, and cannot say that the damages were not increased by allowing the plaintiff's testimony as to her inability to read, write, and sew to remain in the case." Likewise, here, we cannot tell whether the jury allowed anything for damages for the resulting injury to plaintiff's left eye or the consequent loss of time; and, since these elements may have been considered by the jury, and presumably were, and may have led to increasing the amount of the verdict over what would have been allowed otherwise, we have no alternative but to reverse the judgment and order, and remand the cause for a new trial, which is accordingly done.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.