GRANT, MONTGOMERY, and MOORE, JJ., concurred. LONG, C. J., did not sit.

MOORE *v.* CITY OF KALAMAZOO.

1. MUNICIPAL CORPORATIONS — PERSONAL INJURIES — DEFECTIVE SIDEWALKS—EVIDENCE—NOTICE.
   In an action against a city for injuries received by stepping into a hole in a defective sidewalk, evidence (*a*) that there were other defects in the immediate vicinity, and (*b*) that others had stepped into the same hole in the walk, is admissible as bearing upon the question of notice.

2. SAME—INSTRUCTIONS TO JURY.
   It is not error for the court to refuse to instruct the jury, in a suit against a city to recover for injuries received by reason of a defective sidewalk, to the effect that the defendant, with 300 miles of sidewalk, would not be held to as great diligence in caring for the same as a small village would be.

3. SAME—DAMAGES.
   In an action for injuries due to a defective sidewalk, where the declaration alleges that the injury prevented plaintiff from attending to her necessary household affairs and business, whereby she lost all the profits therefrom; that the injury is permanent; that prior thereto plaintiff was a strong, healthy woman, but is now lame, and crippled for life,—it is proper to allow plaintiff to show what her earnings were

previous to the injury, and to instruct the jury that the deprivation of such earnings during the time that she has already been injured, and the time that she will remain incapable of earning anything in the future, should be taken into account on the question of damages.

4. SAME—AGGRAVATION OF INJURIES.

A request to charge, in an action against a city to recover for a personal injury due to a defective sidewalk, that it was the plaintiff's duty, after receiving the injury, to use proper care and treatment looking towards a recovery, and that, if she aggravated the injury by her own acts, defendant would not be liable for the part of the injury thus caused, is properly modified by adding that, if she did what a reasonably prudent person would have done under like circumstances, she was not negligent.

Error to Kalamazoo; Buck, J. Submitted April 8, 1896. Decided April 28, 1896.

Case by Abbie Moore against the city of Kalamazoo for personal injuries. From a judgment for plaintiff, defendant brings error. Affirmed.

*George P. Hopkins*, for appellant.

*D. O. French* (*N. H. Stewart*, of counsel), for appellee.

HOOKER, J. The defendant appeals from a judgment for $4,500 in favor of the plaintiff, who complained of an injury to her knee, crippling her permanently, suffered by reason of the defendant's sidewalk. The brief filed by counsel for the defendant does not discuss the assignments of error *seriatim*, and we shall therefore deal with the questions discussed, rather than specific assignments.

Evidence tending to show that there were other defects in the immediate vicinity has so often been held admissible as bearing upon the question of notice that we think it unnecessary to cite authorities, especially as counsel framed a request to charge in which he asked the court

109 MICH.—12.

to limit the use of that testimony to the subject of notice, and alleges error upon the failure of the court to give it. We think the request was given, in effect, and the omission of a part, not being prejudicial, does not call for a reversal of the case.

Evidence that others stepped into the same hole in the walk is admissible under the case of *Lombar* v. *Village of East Tawas*, 86 Mich. 14. It is unimportant whether they received injury or not, as was said in *Corcoran* v. *City of Detroit*, 95 Mich. 86. Two witnesses testified to stepping into holes in that vicinity, which was substantially the same as saying that *they saw the holes*. It was said that one fell, but this testimony was stricken out. The evidence allowed to remain was admissible upon the question of notice.

The court committed no error in declining to instruct the jury, as requested, to the effect that the defendant, with 300 miles of sidewalk, would not be held to as great diligence in caring for its walks as a small village would be. The law requires that reasonable care shall be given to walks, and makes no distinction between localities, except as circumstances affect the question of what is reasonable. We should not care to lay down the rule that sparsely settled or small communities must have better or more carefully guarded walks and ways than large cities. The cases cited do not, in our opinion, state any such proposition, or support it.

The remaining questions relate to the subject of damages. It is said that the court erred in admitting proof relative to plaintiff's earnings, and also in stating to the jury that they "should take into account her past earnings, and the deprivation of these earnings during the time that she has already been injured, and the time that you find, from the evidence, that she will remain incapable of earning anything in the future," for the reason that the "declaration contains no allegation which would permit her to recover upon any such theory." The declaration states

that she was "prevented from attending to her necessary household and lawful affairs, duties, and *business during all of this time* performed, and thereby was deprived of and wholly lost all the advantages *and profits to be derived* therefrom and thereby;" and, "the injury so received being permanent and incurable, she is an invalid for life; and plaintiff avers that prior thereto she had been and was a strong, healthy, and able-bodied woman, but that she is now injured permanently, and must remain in such lame and crippled condition the balance of her life; wherefore the said plaintiff has been injured and sustained damages to the amount of $5,000. We think these sufficient allegations to warrant the admission of such testimony and the charge given.

It is contended that plaintiff's conduct in neglecting to care for her injury, and in failing for several weeks to call a surgeon, and in keeping about the house, in an effort to perform her ordinary work, aggravated her injury, and that much of the injury would have been avoided by proper care and treatment. Counsel for the defendant offered the following request, viz.: Defendant's sixteenth request:

"It was the duty of the plaintiff in this case, after receiving her injury, if she received any, to use proper care and precaution, and the proper treatment looking toward a recovery; and if she aggravated the alleged injury in any manner by her own acts, whether by being upon her feet and walking around or otherwise, the defendant would not be in any way responsible for that part or portion of the injury or suffering or loss of time caused by reason of the conduct of the plaintiff herself."

The court gave this, and added:

"You will understand this instruction, gentlemen, the same as the other,—that if she did what a reasonably prudent person would have done under the same circumstances, then it would not be negligence on her part. If she did what a reasonably prudent person would not have done, then it was negligence."

He also gave the following requests:

"You are instructed that the plaintiff was bound to use such care and caution, after her injury had taken place, as an ordinarily prudent, cautious person would have used under like circumstances; and that, if the injury was such as not to entirely disable her at the time received, but one that would develop later on, the plaintiff cannot be charged with knowledge of what might subsequently develop, but would only be required to act as an ordinarily prudent person would, under the circumstances.

"If, on the contrary, you find that the plaintiff, in keeping about her work after the injury, did what a reasonably prudent and careful person would not have done, and that thereby the injury was greatly aggravated, the defendant would not be liable for the injury, pain, and suffering brought about by that want of care and prudence on the part of the plaintiff herself. In that case the city would still be liable for the injury, so far as it was the natural result of the sprain by stepping into the hole in the walk, if you find that she was so injured."

To these he added:

"But the city would not be liable for any injury not the result of the sprain, but of her own negligence, if you should find that she was negligent."

Counsel's request (numbered 16, quoted above) would relieve the defendant from liability for all aggravations which could be ascribed to the conduct of the plaintiff, whether imprudent or not when viewed from the standpoint of ordinary prudence. This is going too far, and we think that the instructions of the circuit judge were in accord with the correct rule. The subject was discussed in the recent case of *Reed* v. *City of Detroit*, 108 Mich. 224.

We are asked to direct a new trial upon the ground that the jury awarded excessive damages, but we cannot say that this is conclusively shown.

The judgment is therefore affirmed.

GRANT, MONTGOMERY, and MOORE, JJ., concurred. LONG, C. J., did not sit.