## Chicago City Ry. Co. v. Sophia Anderson.

80    71
82   207
82   239
80    71
s182s298

1.  PERSONAL INJURIES—*Unavoidable Accident.*—The question as to whether an injury was the result of an unavoidable accident, occasioned by an outside force for which the defendant was in no manner responsible, is a question of fact for the jury.

2. SAME—*Compensation for Inability to Work at One's Ordinary Employment—Allegation and Proofs.*—In order to recover compensation in a personal injury case for inability to work at the plaintiff's ordinary employment, all that is necessary is a general averment of such inability, caused by the injury, and consequent loss and damage, and proof of such employment, and his ordinary wages or earnings, is admissible under such general averment.

3. SAME—*Loss of Profits, etc.—Allegations and Proofs.*—When it is sought to recover for loss of profits or earnings that depend upon the performance of a special contract these special and particular damages, and the facts on which they are based, must be averred in the declaration.

4. DAMAGES—*Mental Pain and Suffering, When Too Remote.*—The mental pain that comes from the contemplation of a maimed body and the humiliation of going through life in a crippled condition, is too remote to be considered an element of damage.

5. SAME—*Mental Pain and Suffering, When an Element of Damage.*—The mental pain that may be considered and allowed for, in cases of personal injuries, is such as is the direct result of the physical pain suffered. Mental pain is always an attendant upon severe physical pain—such is the relation of mind and body—and the mental pain that is the direct and necessary result of the physical pain, but not otherwise, is a proper element of damages in personal injury cases.

6. EXCESSIVE DAMAGES—*When $7,000 is.*—A judgment of $7,000, in favor of a woman fifty-nine years old, who worked about half of the time nursing, at wages of from $12 to $15 per week, and the rest of the time in taking care of her home, her youngest child being seventeen and her eldest thirty-six years of age—her injuries, except temporarily, being wholly of the subjective sort—is so excessive as to require a reversal upon that ground alone.

**Trespass on the Case,** for personal injuries. Trial in the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in the Branch Appellate Court at the March term, 1898. Reversed and remanded, unless a remittitur is entered, etc. Opinion filed January 24, 1899.

WILLIAM J. HYNES and MARCUS KAVANAGH, attorneys for appellant.

WILLIAM C. SCHAEFER, GEORGE W. PLUMMER and WHARTON PLUMMER, attorneys for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The appellee was riding as a passenger and sat in the front end or northeast corner of one of appellant's electric

Chicago City Ry. Co. v. Anderson.

cars. When the car was attempting to pass a wagon loaded with lumber, going in the same direction, the lumber projecting some feet—six or seven feet, as testified by one witness—behind the end of the wagon, it ran into the lumber, some pieces of which broke through and into the car and hit appellee in the back and caused the injuries for which she sued and recovered.

It would be useless to review the testimony in detail. There is no question made that appellee was not in the exercise of all due and proper care for her own safety.

Whether the car was negligently operated by appellant's servants, as claimed by the appellee, or whether the collision was a mere unavoidable accident, occasioned by a sudden shifting of the wagon and load, from a safe position to be passed by the car, into the way of the car, so suddenly and unexpectedly as to make of the collision an unforeseen and unavoidable accident, occasioned by an outside force beyond the control and avoidance of the appellant, and for which it was in no manner negligent or responsible, were matters which were fully placed before the jury by the evidence, and we regard their conclusion as clearly justifiable, if not absolutely right.

Appellant argues that the allegation of the declaration, that because of the injuries received, appellee " was and is hindered and prevented from transacting and attending to her business and affairs," is insufficient to admit evidence of appellee's frequent employment as nurse to women in confinement, and her earnings in such capacity.

The rule in this State is " that in order to recover compensation for inability to work at the plaintiff's ordinary and usual employment or business, all that is necessary in the declaration is the general averment of such inability, caused by the injury, and consequent loss and damage, and that proof of his particular employment or business and of his ordinary wages or earnings therein is admissible in evidence under such general averment; but that when it is sought to recover for loss of profits or earnings that depend upon the performance of a special contract or engagement,

then these special and particular damages, and the facts on which they are based, must be set out in the declaration." C. & E. R. R. Co. v. Meech, 163 Ill. 305.

The allegation was sufficient and the evidence properly admitted.

Objection is made to appellee's instruction numbered 14, because thereby the jury were told that in estimating her ·damages they might, in connection with her personal inju·ries, take into consideration her pain and suffering, if any are proven, undergone by her in consequence of her injuries, if any are proved. And the criticism indulged in is that thereby the jury were permitted to allow damages for any mental pain and suffering suffered by her. The mental pain that comes from the contemplation of a maimed body, and the humiliation of going through life in a crippled condition, is too remote to be considered an element of damage. The mental pain that may be considered and allowed for, in this class of cases, is such as is the direct result or concomitant of the physical pain suffered. Mental pain is always an attendant upon severe physical pain—such is the relation of mind and body—and the mental pain that is the direct and necessary result of the physical pain, but not otherwise, is a proper element of damages in personal injury cases. C. C. Ry. Co. v. Canevin, 72 Ill. App. 81.

The instruction violated no rule of law regarding the element of pain, either mental or physical, suffered by an injured person.

We feel justified in omitting to discuss the numerous ·errors claimed concerning other instructions that were given and refused, upon the ground that they present no new or interesting questions, and, as we consider, were properly acted upon by the trial judge.

The appellee recovered a verdict and judgment for $7,000. This, we believe, was so excessive as to require a reversal upon that ground alone, unless a remittitur be entered.

The appellee was fifty-nine years old. She worked about half of the time in nursing, at wages of from $12 to $15 per week, and the rest of the time her work was that of

taking care of her own home, her youngest child being seventeen and her eldest thirty-six years of age.  Her injuries, except temporarily, were wholly of the subjective sort, and though we were to accept as true her present partial incapacity in consequence of them, still, measured by the only standard we are permitted to employ, that of compensation, she ought not to have recovered more than one-half the amount of the verdict that was returned.

If appellee will file in this court, within ten days, a remittitur of one-half the recovery below, the judgment will be affirmed for the balance, at her costs, otherwise it will be reversed and the cause remanded.