THE NORTH CHICAGO STREET RAILROAD COMPANY

*v.*

SARAH B. BROWN.

*Opinion filed February 17, 1899.*

1. STREET RAILWAYS—*when passenger is justified in stepping from car.*   A passenger on a street car who goes out upon the platform after the conductor has called the name of a street, and is standing upon the step when the car stops, is justified in alighting.

2. PLEADING—*general allegation covers damages necessarily resulting from act complained of.*   A general averment that the plaintiff was prevented by her injury "from attending to the transaction of her affairs" is a sufficient allegation of damage, where the plaintiff is a common laborer, who testifies, without objection, that she was employed by a certain person as housekeeper, doing washing, ironing, scrubbing and baking, for ten dollars a month and board.

*North Chicago Street R. R. Co. v. Brown,* 76 Ill. App. 654, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

EGBERT JAMIESON, and JOHN A. ROSE, for appellant.

LYNDEN EVANS, and ARND & ARND, (FREDERICK ARND, of counsel,) for appellee.

Mr. Justice Craig delivered the opinion of the court:

This was an action brought by Sarah B. Brown to recover for a personal injury alleged to have been sustained through the negligence of the North Chicago Street Railroad Company. The declaration contained one count, in which it was in substance alleged that on February 15, 1891, the plaintiff was a passenger on one of the defendant's Lincoln avenue cable cars, and that upon its arrival at Larrabee street, while the plaintiff, who was exercising all due care and diligence on her part, was about to alight, the defendant negligently caused the car to be suddenly started, throwing her to the ground, whereby she was greatly cut, bruised, hurt and wounded, and her hip was broken, and she became sick, sore, lame and disordered, and so remained from thence hitherto, during all of which time she suffered great pain and was prevented from attending to the transaction of her affairs, and was obliged to lay out, and did lay out, large sums of money in and about endeavoring to be healed, to the damage, etc. To the declaration the defendant pleaded the general issue, and on a trial plaintiff recovered a judgment for $5000, which, on appeal, was affirmed in the Appellate Court.

The court gave three instructions for the plaintiff, and a reversal of the judgment is asked on the alleged ground that the first and third instructions are erroneous. They are as follows:

1. "If the jury believe, from the evidence in this case, that the defendant controlled and operated, for the purpose of carrying passengers for hire, certain street cars upon Lincoln avenue, in the city of Chicago, Cook county, Illinois, and that the plaintiff, on or about the 15th day of February, 1891, was a passenger for hire on one of the said cars of the defendant, and that the defendant, by its servant, caused the said car to be stopped for the purpose of allowing passengers to alight therefrom, and the plaintiff was in the act of alighting from said car while said

car was so stopped, and while in the act of alighting from said car was using all reasonable care and caution to avoid the injury complained of in the declaration, and that the defendant, through its servant, negligently and carelessly caused said car to be set in motion while the plaintiff was so alighting from said car, and that thereby the plaintiff was injured, then the jury should find the defendant guilty."

3. "The court instructs the jury that if, under the evidence and the instructions of the court, the jury find the defendant guilty, then, in assessing the plaintiff's damages, the jury may take into consideration not only the loss and immediate damage arising from the injury received at the time of the accident, but also the permanent loss and damage, if any is proved by the evidence, arising from any disability resulting to the plaintiff from the injury in question, which renders her less capable of attending to her business than she would have been if the injury had not been received."

It is insisted in the argument that there is no evidence whatever in the record tending to prove that the plaintiff was in the exercise of ordinary care at the time of the accident, and for this reason the first instruction was erroneous. It may be conceded that plaintiff could not recover unless she was in the exercise of ordinary care at the time of the accident, and if there was no evidence whatever in the record tending to show ordinary care on her part, the argument that there was no evidence upon which the instruction could be predicated might be regarded as well taken. But upon an examination of the record it will be found that there is evidence tending to prove ordinary care on the part of plaintiff. She testified that when the conductor called out Webster avenue and Larrabee street she got up and stepped out on the platform with a view to getting off the car. "The car had crossed Webster avenue when I went out on the front platform. Then it came to a stop. I was on the lower

step of the grip when it stopped. When I saw that the car was stopped I got off. There was no motion of the car. I was particular. When the car stopped I was holding with both hands and I had one foot to the ground. Just as soon as the car stopped I put my foot on the ground. When I put my foot on the ground I did not release my hold with my hands, but when I was about to lift the other foot the car jerked before I had time to lift it." If the car stopped as the witness testified it did, she had a right to presume it would not start up until she had sufficient time to get off, and acting on this presumption she was justified in stepping off as she did.

It is also claimed that the instruction entirely omits the question as to whether the negligence of plaintiff was the proximate cause of the injury; also, that it requires of plaintiff reasonable care but does not instruct the jury as to what is reasonable care. If the instruction was not technically accurate in the respects mentioned, the objections are obviated in other instructions given by the court. In defendant's instruction No. 6 the jury were plainly told that if they believed, from the evidence, that the plaintiff was negligent, and such negligence was the cause of the injury, they should return a verdict of not guilty. In instruction No. 7 the jury were told that "a person attempting to alight from a street car is bound, under any and all circumstances, to use ordinary care and caution to avoid injury to herself, and if she fails to use such care, and is injured by reason thereof, the owner of the car cannot be held liable for such injury."

In regard to the third instruction it is said there is no allegation in the declaration of special damage resulting to plaintiff from her incapability of attending to her business, and hence it is claimed that the instruction was erroneous in informing the jury that they might take into consideration, in assessing plaintiff's damages, her permanent loss and damage resulting from the injury which rendered her less capable of attending to her business

than she would have been if the injury had not been re-
ceived. We do not regard the instruction erroneous. The
plaintiff was a common laborer. The declaration avers
that plaintiff was prevented "from attending to the trans-
action of her affairs," and plaintiff testified that she was
housekeeper for Mr. Thomas, doing washing, scrubbing,
baking and ironing, and that she received for the same
ten dollars a month and her board. No objection was
made in the trial court to the introduction of this evi-
dence. The damages which plaintiff sustained because
of her incapacity to continue work were such as neces-
sarily resulted from the act complained of, and in such
a case special damage need not be averred. As is prop-
erly said in appellee's brief, it is only in that class of
cases where the damages are not the necessary result of
the act complained of, and are therefore not implied in
law, that they must be specially averred, such as loss of '
profits, a particular engagement, etc. In *Chicago and Erie
Railroad Co.* v. *Meech*, 163 Ill. 305, in discussing a similar
question, we said (p. 314): "The rule deducible from the
cases in this State is, that in order to recover compensa-
tion for inability to work at the plaintiff's ordinary and
usual employment or business, all that is necessary in
the declaration is the general averment of such inability
caused by the injury, and consequent loss and damage,
and that proof of his particular employment or business,
and of his ordinary wages or earnings therein, is admis-
sible in evidence under such general averment, but that
when it is sought to recover for loss of profits or earnings
that depend upon the performance of a special contract
or engagement, then these special and particular dam-
ages, and the facts on which they are based, must be set
out in the declaration. The distinction we have noted
may be a relaxation of the common law rule, but it is
founded upon the precedents to be found in our Reports."

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*