JAMES PALMER v. WINONA RAILWAY & LIGHT COMPANY.

November 22, 1899.

Nos. 11,806—(109).

### Street Railway—Failure to Employ a Conductor—Negligence.

Plaintiff was injured in getting off a street car on which one man performed the services of both motorman and conductor. In the absence of a law or ordinance regulating the matter, *held*, whether or not in the particular instance an injury might have been averted if two men had been employed to perform such services is not the test of whether the street-railway company is guilty of negligence in failing to employ the second man, but the expense of employing the second man, the amount of traffic on the streets and on the cars, and the dangers to be encountered in operating the car over the particular route, should all be taken into consideration. *Held*, the burden was on the plaintiff to show that defendant was negligent in failing to employ a conductor or second man on the car.

### Damages—Pleading and Evidence.

Under a general allegation of damages in the complaint, plaintiff was entitled to prove the wages he received before the injury, the wages he received after the injury, and that he received no more before, and no less after, than he was able to earn.

Action in the district court for Winona county to recover $2,000 damages for personal injuries. The case was tried before Snow, J.,

and a jury, which rendered a verdict in favor of plaintiff for $1,000; and from an order denying a motion for a new trial, defendant appealed.   Reversed.

*Webber & Lees,* for appellant.

*H. M. Lamberton* and *Brown & Abbott,* for respondent.

CANTY, J.[1]

Defendant operates a street railway in Winona.   Plaintiff, while a passenger on one of defendant's cars, was injured, and brought this action to recover damages therefor.   He had a verdict, and from an order denying a new trial defendant appeals.

Plaintiff boarded the car one evening after dark, in the winter time, and started to ride out to his place of residence.   He resided in the middle of the block between Sioux street and Ewing street, both of which streets are crossed by Fifth street, on which he resided, and on which the street cars run.   The car on which he rode had a door at each end, and the passengers were in the habit of going in and out of both doors when getting on and off the car.   The door at the front end was close to where the motorman stood when operating the car, and there was no conductor on the car, or any other person in charge of it, except the motorman.   When the car arrived at Sioux street, plaintiff did not get off, but rode to the middle of the block, opposite to his residence, and then proceeded to get off through the door at the front end.   He testified that the motorman stopped the car at this point in order to let him off, and that as he stood on the step, and was about to step off, the motorman suddenly started the car and threw him off on to the ground, by reason of which he was injured.   The motorman testified that plaintiff approached the door while the car was in motion; that he (witness) stopped plaintiff at the door, and told him to wait until witness stopped the car; that he then turned to set the brake; and that plaintiff then stepped off before the car stopped, and while it was going quite fast.   Both witnesses agree that the motorman told plaintiff to wait until the car was stopped, as the steps were icy and slippery.   But plaintiff testified that he waited until the car was stopped; the motorman testified that plaintiff did not.

[1] BUCK, J., absent.

1. The court charged the jury as follows:

"I charge you that the evidence in this case is not sufficient to warrant you in finding that the want of a conductor was the proximate cause of the injury to the plaintiff; and you are therefore instructed to leave that alleged fact entirely out of consideration, except so far, if at all, as you may think the want of a conductor increased the degree of care and watchfulness required from the motorman, and, of course, from the company, through the motorman."

Defendant requested the court to charge as follows, and the court gave the request, with the modification inclosed in brackets, following the same:

"The fact that defendant company was operating its cars without a conductor on the occasion in question is in itself no evidence of negligence. It had a right to so operate its cars. And you will therefore disregard that fact in your deliberations [except so far, if at all, as the absence of the conductor rendered necessary an increase of care and attention on the part of the motorman]."

Appellant excepted to the modification of the request, and also to the corresponding part of that portion of the charge first above quoted.

Even if it were conceded that, had there been a conductor on the car, he could, and, in the exercise of due care in the performance of his duty, should, have intervened between the motorman and plaintiff, and prevented this accident, still there is no evidence in the case which warranted the jury in finding that the defendant was negligent in failing to have a conductor on the car. In the absence of any valid law or ordinance regulating the matter, the mere fact that in a particular instance an injury might have been averted if the street-railway company had employed two men to operate and manage its car, instead of one, is not the test of whether or not the company is negligent in failing to employ the second man. A number of other circumstances must be taken into consideration. Taking into consideration the expense of employing the second man on the car, are the amount of traffic on the streets, the amount of traffic on the cars, and the danger to be encountered in operating the cars over the particular route so great that the company is negligent in failing to employ the second man? A street-railway company may be guilty of negligence in failing to

employ the second man in a large city, where the streets are crowded with pedestrians and vehicles, or the cars are crowded with passengers, or both, while it would not be guilty of negligence in failing to employ the second man in a small city, where there is less travel on the streets or in the cars, or both. Again, the rate of speed at which the street cars run, the absence or presence of grade railroad crossings which are dangerous, and other circumstances, should often be considered. See Booth, St. Ry. Law, §§ 308, 335.

Of course, the negligence of the company in failing to employ the second man must also be the proximate cause of the injury. There is no evidence in this case to show whether or not the conditions were such that the defendant was negligent in failing to employ a conductor or second man on its cars, or on this particular car. The burden was on the plaintiff to prove such negligence. Then, if defendant was not negligent in failing to employ a conductor, it is not liable at all, if the motorman used proper care. True, proper care is care commensurate with the occasion, but the test is not the amount of watchfulness and care which two men might in this particular instance have used, when it was not the duty of the defendant to employ two men; and the parts of the charge in question were misleading, in that they left the jury to infer that it was the duty of the one man to exercise as much watchfulness and care as the two men would, under the same circumstances, have exercised. Then we are of the opinion that defendant was entitled to have the request given without the modification; that the part of the charge included in the modification is erroneous, as is also the corresponding part of said other portion of the charge, and for this error the order denying a new trial should be reversed.

2. Plaintiff was allowed to testify that before the injury he was receiving $60 per month from his employer, but received only $40 per month from him since the injury. If plaintiff had proved that before the injury he received no more than he could then earn, and since the injury he received no less that he could then earn, the evidence would have been competent, under the general allegations of damages in the complaint. See Collins v. Dodge, 37 Minn. 503, 35 N. W. 368; 1 Sutherland, Dam. (2d Ed.) § 421. But whether the evidence of what he received before and what he received after the

injury was, without more, incompetent under the pleadings, and whether, if it was error to receive it, the error was cured by subsequently withdrawing it, we need not consider, as it is not likely to occur on the next trial. We find no other error in the record.

Order reversed, and a new trial granted.

MITCHELL, J. (dissenting).

While it may be true that there was no necessity for the court to make the so-called modification of defendant's request to charge, yet it seems to me that, in view of the nature of the issue and the state of the evidence, it contained no prejudicial error. What the court evidently meant, and all that the jury, under the circumstances, could have understood him as meaning, was that, when there is no conductor, certain duties would devolve upon the motorman which otherwise would belong to the conductor. The only breach of duty charged in this case was starting the car before plaintiff had alighted. It was a self-evident and admitted fact that the duty of seeing that the plaintiff had safely alighted before starting the car devolved exclusively upon the motorman. The plaintiff attempted to alight from the front of the car in close proximity to the motorman, and right under his eyes; and the only issue of fact in this case was whether, as the motorman testified, plaintiff attempted to get off before the car stopped, or whether, as the plaintiff testified, the car had stopped, but was started up again before he had alighted. Under these circumstances, I am unable to see how the verdict could have been affected, or the defendant prejudiced, by the modification of the request.