IRVING, RESPONDENT, *v.* TOWN OF STEVENSVILLE, APPELLANT.

(No. 3,516.)

(Submitted May 5, 1915. Decided May 28, 1915.)

[149 Pac. 483.]

*Personal Injuries—Cities and Towns—Defective Streets.*

Personal Injuries—Cities and Towns—Notice—Surplusage.

   1.   Matter additional to that required by section 3289, Revised Codes, to be stated in a notice to a city of injuries received because of a defect in one of its streets must be treated as surplusage.

Same—Contributory Negligence—Burden of Proof.

   2.   Where neither his complaint nor his proof disclosed that plaintiff was guilty of contributory negligence or that his injury was proximately

caused by any act of his, the burden of proving contributory negligence rested upon defendant city.

[As to burden of proof contributory negligence, see notes in 28 Am. Rep. 563; 33 L. R. A. (n. s.) 1085. As to burden of disproving contributory negligence, see notes in 39 Am. Rep. 511; 58 Am. Rep. 229.]

Same—Streets—Safe Condition—Presumptions.
3. Plaintiff was not obliged to keep a constant lookout for defects in a street, but had a right to presume that it was in a reasonably safe condition for travel.

[As to contributory negligence as defense in action for injury caused by obstruction in street, see note in Ann. Cas. 1913C, 535.]

Same—Trial—Evidence—Motion to Strike—When Too Late.
4. After a question has been answered without objection, a motion to strike is too late to be of avail.

Same—Special Damages—Pleading—Evidence.
5. Evidence of loss of time or earnings is inadmissible in a personal injury action, unless specially pleaded.

Same—Special Damages—Error—Disposition of Cause.
6. Where evidence of special damages by way of loss of time and earnings was improperly admitted (see paragraph 5 above), and no other error appeared necessitating a reversal of the judgment, a new trial ordered unless plaintiff consent to a reduction of the judgment to the extent of the special damages thus shown.

*Appeal from District Court, Ravalli County; R. Lee McCulloch, Judge.*

ACTION by William Irving against the Town of Stevensville, From a judgment for plaintiff and an order denying a new trial defendant appeals. Remanded for new trial *nisi.*

*Mr. Clyde Slagle* and *Mr. C. S. Wagner,* for Appellant, submitted a brief and argued the cause orally.

*Mr. W. H. Rager,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

By this action plaintiff seeks to recover damages for personal injuries received upon Pine Street, in the town of Stevensville. Negligence is predicated upon the action of the town in maintaining in its street a culvert in a dangerous condition, in that the plank covering was decayed and broken, leaving a large hole.

It is alleged that, while plaintiff was passing along Pine Street on horseback, his mount stepped into the hole in the culvert covering and threw plaintiff to the ground with such violence that he sustained serious injuries. The trial of the cause resulted in a verdict for plaintiff, and, from the judgment entered thereon and from an order denying its motion for a new trial, defendant appealed.

1. The notice served upon the town council meets all the requirements of section 3289, Revised Codes, and is sufficient. **[1]** Anything in the notice beyond what the law requires is to be treated as surplusage.

2. The trial court did not err in refusing to give defendant's offered instruction D 2. The plaintiff was not compelled to assume the burden of proving that at the time of his injury **[2]** he was in the exercise of reasonable care for his own safety. (*Poor* v. *Madison River Power Co.,* 38 Mont. 341, 99 Pac. 947.) Neither his complaint nor his proof discloses contributory negligence on his part, and neither does it appear that the injury was caused proximately by any act of the plaintiff. In such a case the burden of pleading and proving contributory negligence is cast upon the defendant. (*Pryor* v. *City of Walkerville,* 31 Mont. 618, 79 Pac. 240; *Vasby* v. *United States Gypsum Co.,* 46 Mont. 411, 128 Pac. 606; *Melzner* v. *Raven Copper Co.,* 47 Mont. 351, 132 Pac. 552.)

3. Whether plaintiff knew of the defective condition of the culvert before he was injured was a question properly referred **[3]** to the jury for solution. If he did not know of the defect, he could not be charged with negligence in failing to discover it. He was not required to keep a constant lookout, but had a right to presume that the city had discharged its duty and that the street was in a reasonably safe condition for travel. (*McCabe* v. *City of Butte,* 46 Mont. 65, 125 Pac. 133; *Nilson* v. *City of Kalispell,* 47 Mont. 416, 132 Pac. 1133.)

4. This case does not fall within the rule announced in *Storm* v. *City of Butte,* 35 Mont. 385, 89 Pac. 726. Plaintiff's evidence tended to prove the amount he expended for medical treatment,

as well as that such amount was a reasonable charge for the services performed. While the complaint does not allege specifically the amount so expended or that it was reasonable, the evidence was admitted without objection sufficient to raise the [4] question now sought to be presented. After the witness Dr. Marshall, had answered without objection the question as to the reasonable value of the services rendered by him to plaintiff, counsel for defendant moved to have the answer stricken out, but it was then too late. (*Frederick* v. *Hale,* 42 Mont. 153, 112 Pac. 70; *Cohen* v. *Clark,* 44 Mont. 151, 119 Pac. 775; *Downs* v. *Cassidy,* 47 Mont. 471, Ann. Cas. 1915B, 1155, 133 Pac. 106.)

5. Over defendant's objection, the trial court admitted evidence of the loss of time and earnings suffered by the plaintiff as the result of his injury, and in instruction 11 charged the jury that plaintiff's lost time was a proper element for consideration in determining the amount of damages which he might recover. In these instances the court erred. The complaint does not contain any allegations of special damages, and, under the general rule, evidence of loss of time or earnings was inadmissible, and such loss was not a proper element in measuring plaintiff's recovery. (*Gordon* v. *Northern Pacific Ry. Co.,* 39 Mont. 571, 18 Ann. Cas. 583, 104 Pac. 679.) The evidence [6] tends to show that by reason of this injury plaintiff lost $200 on account of the time he was unable to devote to his ordinary business. Because the integrity of the judgment cannot be assailed successfully upon any other ground, plaintiff ought not to be subjected to a new trial of the entire case if he is willing to forego the advantage which may have accrued to him by injecting into the case this element of damages which ought not to have been submitted for the jury's consideration. However, he is to be held responsible for the error, and must suffer the consequences, whether the jury actually made allowance for loss of time or disregarded that item altogether.

The cause is remanded to the district court, with directions to grant a new trial, unless, within thirty days after the *remittitur* is filed with the clerk, the plaintiff shall indicate in writing

his consent that the judgment may be reduced to the extent of $200. If such consent be given, the judgment will be modified accordingly, and the order denying a new trial and the judgment as amended will then stand affirmed. Each party will pay one-half the costs of these appeals.

Mr. Chief Justice Brantly and Mr. Justice Sanner concur.