## OTTO KOELLER v. WISCONSIN RAILWAY, LIGHT & POWER COMPANY.[1]

July 2, 1915.

Nos. 19,382—(251).

**Street railway — operating car without conductor.**

Evidence considered and *held* sufficient to warrant submitting to the jury the question whether it was negligence to operate a street car in the city of Winona without a conductor, and to justify the jury in finding that it was. Palmer v. Winona Railway & Light Co. 78 Minn. 138, distinguished.

Action in the district court for Winona county to recover $20,000 for personal injury received while a passenger upon one of defendant's street cars. The case was tried before Snow, J., and a jury which returned a verdict for $5,000. From the order denying its motion for a new trial, defendant appealed. Affirmed.

*Webber & Lees,* for appellant.

*F. E. Withrow* and *Brown, Abbott & Somsen,* for respondent.

BUNN, J.

Defendant owns and operates the street car system in the city of Winona. Plaintiff was a passenger on one of its cars, and sustained personal injuries from the alleged sudden starting of the car while he was in the act of alighting therefrom. This action to recover for these injuries resulted in a verdict for plaintiff, and the case comes to this court on defendant's appeal from an order denying its motion for a new trial.

Two claims of negligence were charged in the complaint and sub-

[1] Reported in 153 N. W. 519.

mitted to the jury: First, the sudden starting of the car while plaintiff was in the act of alighting; second, the operation of the car without a conductor. It is conceded that the evidence justified submitting the case to the jury on the first claim of negligence. The contention on this appeal is that the evidence did not warrant submitting to the jury the second claim. The only question for our decision, therefore, is whether the evidence made this question one for the jury to decide, or whether the trial court should have held as a matter of law that it was not negligence to operate the car without a conductor.

The facts pertinent to this question as they appear from the record before us, are as follows: Plaintiff boarded the car in question in the east end of the city to go to a place in the west end. The car was crowded and he stood upon the rear platform; the conductor remained on the car until it had passed through the business part of the city and had reached a certain switch in the west end, when he left the car, and acted as conductor on the car going into the city, the west-bound car proceeding to the end of the line and back to the switch in charge of the motorman alone. This was the custom on this line. Plaintiff attempted to alight at a crossing six blocks beyond the switch. At this time there were about 10 passengers on the car. The motorman is in the front vestibule; a door leads from this vestibule to the body of the car, and another door leads to the rear platform. The motorman can see the rear platform through these doors when they are open, as the evidence is that they were at the time of the accident, and, by looking through a mirror in front of him, he can see back along the side of the car on the outside to the steps of the rear platform. The top of the glass window between the motorman and the body of the car was painted to prevent the lights in the car from shining through to interfere with the motorman's vision ahead, and it was necessary for him to stoop and look under the painted glass in order to see conditions within the car or on the rear platform. This last-mentioned fact is perhaps not very important in view of the evidence that the doors were open, but it has some bearing on the question of the ability of the motorman to easily see what was happening on the rear platform and

steps. Other than as above stated there was no evidence as to the duties of a conductor, the necessity of having a conductor on the car in question, the amount of traffic on the street, the number of passengers usually riding upon cars on this line, nor was there any evidence as to the expense or income of defendant in the operation of this line or of its system.

But from the facts that the evidence brought out, as above stated, we think that reasonable men might well differ in their conclusions as to the need of a conductor on the portion of this line that was beyond the switch. We must assume from the verdict that this accident did happen in the manner claimed, that is, that the motorman started the car while plaintiff was on the steps in the act of alighting. The motorman testifies that three passengers got off the car, two ladies from the rear platform and a man from the front end where the motorman was; that he then "looked good" through the doors, and into the mirror, saw that everything was clear, and started the car. The testimony of the motorman can be reconciled with the story of plaintiff, found true by the jury, only by saying that the view of the motorman was obstructed, that he was unable from his position to see a passenger on the steps of the rear platform. The evidence is that some 10 passengers were on the car at the point where plaintiff got off; how many there were at the switch where the conductor left the car does not appear, nor does the average number of passengers on the cars at these points. But we are not able to say as a matter of law that the business of defendant was so light on this portion of the line that a conductor was not needed. While the evidence does not show the duties of the conductor of a street car, we will take judicial notice of what such duties are in general. One of them, and not the least important, is to see that alighting passengers are safely off the car before the signal to start is given. The conductor, when he is not collecting fares, ordinarily stands on the rear platform, and knows absolutely when it is safe to pull the bell to start. It is pretty clear that this accident would not have happened had there been a conductor on this car. This is decisive on the question of proximate cause, though not on the question of negligence.

Defendant relies upon the case of Palmer v. Winona Railway & Light Co. 78 Minn. 138, 80 N. W. 869. In that case plaintiff left the car from the front platform, where the motorman stood. It is clear enough that the absence of a conductor was not the proximate cause of the accident, but the decision was put upon the ground that there was no evidence in the case that warranted a finding that defendant was negligent in failing to have a conductor on the car. It was held that, in the absence of any valid law or ordinance regulating the matter, the mere fact that in a particular instance an injury might have been averted if the street railway company had employed two men to operate and manage its car, instead of one, is not the test of whether or not the company was negligent in failing to employ the second man. The opinion states that other circumstances must be taken into consideration, and mentions as some of these circumstances, the expense of employing the second man, the amount of traffic on the streets and on the cars, the danger to be encountered on a particular route, the rate of speed at which the cars run, the absence or presence of grade railroad crossings. It is also said that "other circumstances" should be considered. But it is not held or intimated that all these circumstances must be shown to make the question one of fact for a jury, nor just what circumstances would be sufficient. All that is distinctly held, is that the "mere fact" that the injury might have been averted by the employment of another man, is not the test. This is clearly right, and we adhere to this holding, but we think there is much more than this "mere fact" shown in the case at bar. As to the expense we cannot hold that the absence of evidence on this point is to be charged to plaintiff. As to the amount of traffic on the streets the evidence is rather barren, but it sufficiently indicates that this was a fairly well settled part of the city, with stores along the street where the car ran, and we should not call Winona "a small city." Without alluding further to the evidence or absence of evidence as to the circumstances, we hold that enough was shown to justify the court in submitting this issue to the jury, and to justify the verdict rendered. We find nothing in the authorities cited by defendant that conflicts with this conclusion. The statement quoted from Thompson, Negligence,

§ 3552, gives the law substantially as announced in the Palmer case. The citation to 36 Cyc. 1484, note 47, has been consulted and nothing found, either in the text or cases cited to support it, that affects this case.

Order affirmed.