MARGARET E. BULLITT *v.* DELAWARE BUS COMPANY.
LEWIS J. SOLIGAN *v.* DELAWARE BUS COMPANY.

(*August* 7, 1935.)

LAYTON, C. J., RICHARDS and REINHARDT, J. J., sitting.

*John J. DeLuca* for plaintiffs.

*William Prickett* for defendant.

Superior Court for New Castle County, Nos. 86 and 87, March Term, 1935.

LAYTON, C. J., delivering the opinion of the Court:

The plaintiffs, one, the driver of an automobile, the other, a passenger therein, sued the defendant company to recover damages for personal injuries alleged to have been sustained as a result of a collision between a bus of the defendant and the automobile.

The sufficiency of the declarations with respect to the allegations of damages is questioned by special demurrers.

The allegations in the first declaration are, "and on account thereof (the plaintiff) hath been compelled to expend a large sum of money in attempting to be cured of her injuries, towit, upwards of the sum of Two Hundred ($200.00) Dollars, and has been caused to lose large sums of money by being unable to pursue her usual avocation, and is permanently disabled from following her usual occupation, and has been permanently incapacitated from following any kind of manual labor."

The allegations of the second declaration, *mutatis mutandis,* are the same.

It is contended by the defendant that the averments, "upwards of the sum of two hundred dollars," "to lose large sums of money by being unable to pursue her usual avocation," and "permanently disabled from following her usual occupation," are not sufficiently certain and particular reasonably to inform the defendant of what is purposed to

be proved under the rule as stated in *Campbell v. Walker,* 1 *Boyce* (24 *Del.*) 580, 76 *A.* 475.

The plaintiffs insist, generally, that where the injury alleged will necessarily render a person less capable of performing his usual business duties, proof of the impairment of his earning capacity ordinarily may be received under a general allegation of damages without specially averring the nature of the occupation or employment; and, particularly, the averment of damage caused by expense incurred in efforts to be healed and cured is sufficient under the ruling of *Hunter v. Philadelphia, B. & W. R. Co.,* 1 *Boyce* (24 *Del.*) 5, 75 *A.* 962.

The determination of the questions raised by the demurrers hinges upon whether the damages demanded are general or special; and, in this connection, it may be said that, apparently, the theory of the plaintiffs, as disclosed by their declarations, is that the damages alleged are of the latter character, although, in their briefs, this theory seems to have been discarded.

Special damages are those that are the natural, but not the necessary result of the act complained of. Consequently, they are not such as are implied by law.

General damages are those necessarily and naturally resulting from the wrongful act or omission or which may be legally implied therefrom; or, as said in *Baldwin v. Western R. Corporation,* 4 *Gray* (*Mass.*) 333, "such damages as any other person, as well as the plaintiff, might, under the same circumstances, have sustained, from the acts set out in the declaration." See *Words and Phrases, First, Second, Third and Fourth Series;* 17 *C. J.* 1001; 8 *R. C. L.* 429.

Special damage must be particularly stated and

proved, the reason being to prevent surprise on the defendant, and to enable him to meet the charge, if it be false; and if not so stated, evidence of it cannot be given. 1 *Chitty Pl. 4th Am. from 3d London ed. star paging,* 387, 388, 390.

As this court said in *Quaker Metal Co. v. Standard Tank Car Co.,* 2 *W. W. Harr.* (32 *Del.*) 350, 123 *A.* 131, 132, "if the facts supporting a claim of special damages must be specially pleaded, it must follow that they be well pleaded, or the whole object of pleading that the opposing side shall know in advance what he may expect to meet at the trial shall have been in vain."

■ ■ In *Campbell v. Walker, supra,* are well considered statements concerning the system and rules of pleading ·obtaining in this State which, although announcing nothing new, should be kept constantly in mind by the pleader. There, it was said that the rules and principles of common law pleading, as they existed at the time of our independence, constitute the system of pleading in our courts, except as changed by constitutional or statutory enactments; and, that those principles of pleading, consisting of rules founded on good sense, and formed for the furtherance of justice, work no hardship in requiring a plaintiff to aver the acts complained of, with a fullness and fairness that will reasonably apprise the defendant of what he is required to meet, and not concealed by language that is vague or by terms that are general.

■ As a general rule, expenses paid or incurred by reason of a defendant's wrongful act are regarded as special damages which must be alleged. 17 *C. J.* 1017, 1018. In some jurisdictions, at least where the injuries are serious, expenses incurred for medical and like services need not be pleaded specifically for the reason that the description of such injuries is supposed to apprise the defendant of the necessity of such services. 17 *C. J.* 1018, *note* 96; 8 *R. C. L.*

623. But, in this state, the practice, in theory at least, has looked upon such damages as special in character, and, we are of opinion that medical and kindred expenses are special damages, not recoverable unless particularly averred. *Braderman v. Baltimore & P. R. Co.*, 3 *W. W. Harr.* (33 *Del.*) 206, 134 *A.* 56; *Simeone v. Lindsay*, 65 *A.* 778 (the point not reported in 6 *Penn.* 224).

The allegation, "a large sum of money, upwards of two hundred dollars," includes any sum above the amount stated, limited only by the *ad damnum* clause. A defendant is entitled to be informed, especially where objection is made by demurrer, at least of the maximum amount of expense incurred for medical and other treatment, so that, if an apparently unreasonable amount be alleged, he may have fair notice and opportunity to meet the charge. See *Abalas v. Consolidated Const. Co.*, 32 *Cal. App.* 732, 164 *P.* 19; *Lexington Ry. Co. v. Britton*, 130 *Ky.* 676, 114 *S. W.* 295; 17 *C. J.* 1017, 1018.

This averment of damage lacks the particularity and certainty required by good pleading and is insufficient.

*Hunter v. Philadelphia, B. & W. R. Co.*, *supra*, does not decide the question presented here. There, the suit was by the administrator of a deceased person. The averment of special damage was that the deceased and the plaintiff, since the death of the deceased, were obliged to expend "large sums of money," for healing and curing the deceased of his injuries. The demurrer was directed to the insensibility and repugnancy of the averment, not to the lack of certainty resulting from the phrase "large sums of money."

The next objections to the sufficiency of the declarations are, that the allegations, "to lose large sums of money by being unable to pursue her usual avocation,"

and, "permanently disabled from following her usual occupation," are not sufficiently particular and informative.

The declarations do not disclose the nature of the avocations or occupations of the plaintiffs. The inability to pursue an avocation or occupation does not necessarily arise from an injury. This result must depend both upon the injury and the occupation. This sort of damage is special, not general, and the character of the avocation or occupation must be alleged, or evidence of it will not be permitted to be introduced.

In *Baldwin v. Western Railroad Corporation, supra,* the plaintiff's occupation not being averred, exceptions were sustained to the ruling of the trial court allowing, under a general averment of damage, evidence that the plaintiff was a school teacher.

In *Fitchburg R. Co. v. Donnelly (C. C. A)*, 87 *F.* 135, it was held that special damages, which are the natural, but not necessary, result of the injury complained of, must be specially alleged, and the trial court was held to be in error in ruling that, under a general averment of damages, the plaintiff might give evidence of his employment and his earnings therein.

In *Taylor v. Town of Monroe*, 43 *Conn.* 36, the averment of damage was that the plaintiff had been prevented from attending to her ordinary business, and it was held error to allow her to prove that by reason of the accident she had been unable to attend to her regular business as a button maker.

So, in *Tomlinson v. Town of Derby*, 43 *Conn.* 562, under a like averment of damage, it was held that the plaintiff could not show that he was earning a certain sum per month in carting and sawing timber.

In *Wabash Western Ry. Co. v. Friedman,* 146 *Ill.* 583, 30 *N. E.* 353, 34 *N. E.* 1111, it was held error to admit evidence tending to prove what the plaintiff's salary was, there being no allegation of any special contract or engagement of the plaintiff under which he might earn money for his services.

See also *Union Traction Co. v. Sullivan,* 38 *Ind. App.* 513, 76 *N. E.* 116; *Mellor v. Missouri Pac. Ry. Co.,* 105 *Mo.* 455, 16 *S. W.* 849, 10 *L. R. A.* 36; *Farrington v. Cheponis et al.,* 82 *Conn.* 258, 73 *A.* 139; *Chesapeake & O. R. Co. v. Crank,* 128 *Ky.* 329, 108 *S. W.* 276, 16 *L. R. A.* (*N. S.*) 197; *Irving v. Town of Stevensville,* 51 *Mont.* 44, 149 *P.* 483; *Armstrong v. Spokane, etc., Ry. Co.,* 101 *Wash.* 525, 172 *P.* 578, *L. R. A.* 1918*E,* 460.

The plaintiff cites *Illinois Steel Co. v. Ostrowski,* 194 *Ill.* 376, 62 *N. E.* 822; *Chicago City Ry. Co. v. Anderson,* 182 *Ill.* 298, 55 *N. E.* 366; *North Chicago St. R. Co. v. Brown,* 178 *Ill.* 187, 52 *N. E.* 864; *Chicago & Erie R. Co. v. Meech,* 163 *Ill.* 305, 45 *N. E.* 290; *Chicago Union Traction Co. v. May,* 221 *Ill.* 530, 77 *N. E.* 933; *Moore v. City of Kalamazoo,* 109 *Mich.* 176, 66 *N. W.* 1089; *Strudgeon v. Village of Sand Beach,* 107 *Mich.* 496, 65 *N. W.* 616; *Palmer v. Winona Ry. & Light Co.,* 78 *Minn.* 138, 80 *N. W.* 869; *Carlile v. Bentley,* 81 *Neb.* 715, 116 *N. W.* 772; *Southern Pacific Co. v. Hall* (*C. C. A.*), 100 *F.* 760. These cases hold that averments similar to those questioned here are sufficient to allow proof of occupation, admittedly, as said in *Chicago & Erie R. Co. v. Meech, supra,* a relaxation of the common law rule. There is, without doubt, conflict of authority upon the question. 17 *C. J.* 1015, 1016; 8 *R. C. L.* 623; 4 *Sutherland, Damages* (*4th Ed.*), § 1247. But, the rule contended for by the plaintiffs ought not to be followed under the principles of pleading stated in *Campbell v.*

*Walker, supra,* and *Quaker Metal Co. v. Standard Tank Car Co., supra.*

There is no good reason why a plaintiff, in seeking to recover special damages for expenses incurred by reason of injuries sustained by him, or resulting from his inability to pursue an occupation, should not aver with reasonable certainty and particularity the character and amount of such expenses, and the nature of the occupation. The facts are within his knowledge. The disclosure works no hardship upon him, and a defendant is entitled to be fully and fairly informed of the plaintiff's demands. Adherance to the sound rule requiring particularity in the averment of special damages will eliminate many argumentative questions at trials.

It is no answer to say that inquiry will discover the nature of the occupation. A defendant may, by inquiry, reasonably satisfy himself that one occupation is being relied upon, only to be met by proof of another. This is not a fanciful danger. Unfortunately, the surprise occasioned by failure to insist upon particularity in pleading special damages, is of too frequent occurrence.

Especially is the danger of surprise apparent where the averments of special damage are directed both to avocations and occupations. The primary meaning of the word, "avocation," is a calling away, a diversion. *Ross v. State,* 9 *Ind. App.* 35, 36 *N. E.* 167. By it the idea is suggested of the smaller affairs of life, or occasional employments, as distinguished from one's ordinary or principal occupation. To hold these averments sufficiently informative would permit the introduction of evidence of employment or occupation of any and every kind or character, permanent or casual, directly encouraging concealment by "language that is vague" and by "terms that are general."

The averment of a permanent incapacity to follow any kind of manual labor is a special damage sufficiently alleged. The term, "manual labor," is well understood, and earnings therefrom may be said to be standardized, and, dependent upon the locality, presumably known to the defendant without particular averment. See *Armstrong v. Spokane, etc., Ry. Co., supra.*

No objection is offered to these allegations of damage. They are mentioned only to point out the effect of the sustention of the demurrers. The plaintiffs may desire to amend their declarations; but, if not amended, at trials, evidence of expenses incurred and of losses from inability to pursue avocations and occupations will, upon objection, be rejected.

The demurrers are sustained.