Dolores Tuya de García, Plaintiff and Appellee, *v.* White Star Bus Line, Inc., Defendant and Appellant.

No. 8307. Argued December 16, 1941.—Decided January 23, 1942.

C. *Iriarte, F. Fernández Cuyar, H. González Blanes,* and *F. Alvarado,* for appellant. *Donald R. Dexter* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

As stated by the defendant and appellant at the beginning of its brief, "there is no controversy at all between the parties as to the essential facts of the present case" because the defendant "has not denied its negligence in the accident

sustained by the plaintiff, it having appeared in the district court, admitted its liability, and only challenged as grossly exaggerated the claim for damages set up by the plaintiff.'' The parties agree that the accident occurred as follows:

''On December 19, 1939, while the plaintiff was traveling as a passenger in one of the vehicles of the defendant from Santurce to San Juan, and due to some repairs being made to Ponce de León Avenue, the bus changed its course towards North Boulevard, continued along the latter towards San Juan, and then turned once more to Ponce de León Avenue through a short street between Smallwood Brothers and Puerta de Tierra Fire Station. Upon the vehicle turning round the corner of said street towards the west, that is, towards Ponce de León Avenue, the driver took the corner at such negligent speed that the plaintiff, who was traveling on the front seat next to the entrance, was thrown out of the vehicle into the street.''

It was alleged by the plaintiff in her complaint that as a result of such accident she suffered ''a serious mental and nervous shock and several bruises, contusions, and physical injuries both internal and external, which have caused the plaintiff severe physical pain and mental suffering which compelled her to be confined in bed for several weeks and, therefore, to incur extra expenses for the medical treatment which she had to undergo, loss of time in the performance of her work as owner of a boardinghouse from which she makes her living, and also the losses and damages suffered by her business ever since said accident occurred.'' She alleged that the damages suffered by her amounted to $3,000 which the defendant had refused to pay.

The defendant in its answer denied that the plaintiff had suffered the damages claimed by her and alleged that such damages were fairly and reasonably worth $500, which sum it had tendered to the plaintiff through her counsel who refused to accept the same. The defendant asked that judgment be rendered against it for the said sum of $500.

After a trial was had, the lower court sustained and adjudged the defendant to pay to the plaintiff $1,000, with

costs, but without including attorney's fees. From that judgment the defendant has taken the present appeal, and it urges that the lower court erred: (1) in admitting evidence regarding the value of the medical services which were appraised at $450, as the plaintiff failed to establish the necessary basis for recovering the same; (2) in admitting evidence regarding the alleged disbursements made by the plaintiff for the payment of nurses,...since such items constitute...special damages which were not alleged in the complaint nor was proof advanced of their necessity and reasonableness; (3) in admitting evidence regarding expenses for medicines, bandages, and X-ray photographs; and (4) in awarding the sum of $1,000 as damages, the same being excessive and exorbitant.

 The trial judge in his opinion filed said:

"The trial of this case was held on the 2d of the present month at which the parties and their counsel appeared and the evidence for the plaintiff was heard, consisting of her testimony and that of Dr. Alonso who, in short, stated as follows: That on December 19, 1939, he attended the plaintiff who was suffering from a bruise on her right side and another on her left leg with hematoma and ecchymosis, and prescribed for her to stay in bed and to apply sedatives and compresses on the bruises; that ever since that day he had treated and visited the plaintiff, and that the last time he visited her was two days prior to the trial; that she has an adhesion on her right leg which causes her pain now and then; and that his services are worth $450, which has not been paid to him.

"The plaintiff testified that she has been confined to bed for six weeks, attended by two nurses, one during the daytime and another at night, the former at $6 per day and the latter at $7 per night; that she has suffered severe physical pain, losses in her business amounting to $591, and has disbursed $25 for the pharmacy bill and a further $25 for X-ray photographs; that for two months she was attended by another nurse to whom she paid $180.

"This is, in short, the evidence submitted by the plaintiff, which with the exception of $591 which she testified to have lost in her business, *has not been overcome in any way*. As to such loss we fail to see how it could possibly be, since, on examination by the attorney

for the defendant, the plaintiff stated that her boardinghouse had been 'full the whole past year, all the time, and even on the very day she was on the stand.'

"From a consideration of the law and jurisprudence applicable in similar cases, the injuries sustained, and all the evidence submitted, we hold that the defendant must pay to the plaintiff, on account of the damages inflicted on her as a result of the accident sustained by her while traveling as a passenger in one of the buses of the defendant, the sum of $1,000 which we consider to be a fair and reasonable compensation for said damages." (Italics ours.)

The words used by the lower court to the effect that the evidence for the plaintiff "has not been overcome in any way" refer to the fact that the defendant, as appears from the transcript of the evidence, failed to produce any evidence at the trial of the case before that court.

At the beginning of its argument under the first assignment of error, with reference to the item of $450 for medical expenses, the appellant, on page 4 of its brief, says:

"The plaintiff in her complaint failed to claim any specific sum for disbursements made to pay for medical services and confined herself to the statement that she had incurred 'extra expenses for the medical treatment she had to undergo' (paragraph 6 of the complaint, Record, p. 3). Although the fact does not appear from the transcript of record (*and this is so because this particular has not been made a specific ground for assigning error in this appeal*) it is true that before answering the complaint the defendant filed a motion for a bill of particulars 'as to the expenses incurred for medical treatment' by the plaintiff, and also that the plaintiff specifically state 'how, in what way, and on what account she computes the sum of $3,000 as damages suffered by her,' which motion was denied by the court below . . ." (Italics ours.)

Since the defendant-appellant itself admits that it does not appear from the transcript of record that it (the defendant) moved for a bill of particulars as to the disbursements made by the plaintiff for medical treatment or that said motion was denied by the court below, and that such particular has not been made a specific ground for assigning error in this appeal, we conclude that the first assignment

is without merit. It was alleged in the complaint that the plaintiff incurred ''extra expenses for the medical treatment she had to undergo,'' and it appears from the evidence that Dr. Alonso testified that he had treated the plaintiff for eight months; that the treatment prescribed by him was necessary and adequate for the injuries sustained by her; that there is an adhesion on the plaintiff's right leg as the result of a hematoma which causes her pain, especially when she walks much; that the plaintiff, because of the accident, required medical treatment; that he has not been paid by the plaintiff; and that his services to the plaintiff are reasonably worth $450. This testimony has not been contradicted in any way by the defendant, for, as already stated, it failed to introduce any evidence.

The appellant maintains, however, that the evidence as to the medical services, valued at $450, has no legal force, nor is it admissible, nor can it constitute an integral part of any sum to which the plaintiff may be entitled, because, in accordance with the decision of this court in *Roa* v. *Puig,* 19 P.R.R. 366, in cases of damages for physical injuries, when one of the items claimed is fees for medical attendance, the following must necessarily be proved:

'' ...*first,* the actual payment by the plaintiff of the bills, or that the plaintiff is legally bound to pay the same and that the amount thereof is fair, just and correct; and, *second,* that the medical attendance was necessary on account of the injuries sustained. (Citing cases.)''

We think that the testimony of Dr. Alonso, which we have summarized, complied with the requisites stated in *Roa* v. *Puig, supra.* He stated that his fees were reasonably worth $450 and that the medical treatment of the plaintiff was necessary. In the absence of proof to the contrary from the defendant, the lower court was warranted in believing the testimony of Dr. Alonso and, therefore, application lies of Section 18 of the Law of Evidence (Sec. 380 of the Code of Civil Procedure, 1933 ed.), to the effect that the direct evi-

dence of one witness who is entitled to full credit is sufficient for proof of any fact, except perjury and treason. That the testimony of the attending physician is sufficient to comply with the requisite as to proving the reasonableness of the fees charged for medical treatment, has been held in many cases. Thus in *Missouri O. & G. T. Ry. Co.* v. *Collins* (1915) 150 P. 142, the Supreme Court of Oklahoma said:

"Where the attending physician testified to the amount of his bill for medical treatment rendered plaintiff, and that his charges were reasonable, it is sufficient to submit the item of recovery to the jury. If defendant desired to put in issue the reasonableness of the charge, it should have introduced evidence for that purpose."

See also *Missouri, K. & T. Ry. Co.,* v. *Dickey* (Tex. Civ. App., 1898) 48 S. W. 626; *Tarrant County Traction Co.* v. *Bradshaw* (Tex. Civ. App., 1916) 185 S. W. 951; *Houston & T. C. R. Co.* v. *Bird,* (Tex. Civ. App., 1898) 48 S. W. 756, and *Fleming* v. *Chicago City R. Co.* (1911) 163 Ill. App 185.

As the defendant failed to contradict the testimony of Dr. Alonso by proper evidence, and as no charge is made that the court acted under the influence of passion, prejudice, or partiality, the first error assigned is nonexistent.

However, we think that it is otherwise as to the second and third errors, which relate to the admission of evidence regarding the expenses incurred by the plaintiff for nurses, prescriptions, bandages, medicines, and X-ray photographs. These items constitute special damages which were not alleged in the complaint. The distinction between general and special damages is well stated in *Heirn* v. *McCaughan,* 66 Am. Dec. 588, 603, cited with approval by this court in *Torres* v. *Ramírez,* 22 P.R.R. 419, 425, thus:

"Damages which necessarily result from the acts complained of are termed general damages and may be shown under the common allegation *ad damnum,* for the defendant must be presumed to be aware of the necessary consequences of his conduct. But damages that do not necessarily flow from the acts complained of, though

possibly attendant upon them, are denominated special damages and must be particularly specified in the complaint *or the plaintiff will not be permitted to give evidence of them.*" (Italics ours.)

In *Bullit* v. *Delaware Bus Co.*, 180 Atl. 519, cited by the appellant in its brief, this question is discussed at length, and it is therein held that special damages must be specifically and particularly alleged so as to prevent the defendant from being surprised and to afford him an opportunity to show that the amount claimed is unreasonable; and that if such damages are not alleged their value can not be claimed.

In a recent case, *Font* v. *Viking Construction Co.*, 58 P.R.R. 691, we applied the same rule; but held that, although the error had been committed a reversal of the judgment did not lie, because from the total of the award made there could be deducted the amount of the special damages, which we did.

In the case at bar there is no question that the expenses for nurses, medicines, and X-ray photographs constitute special damages which ought to have been specifically alleged. 25 C.J.S. 776. The plaintiff, according to her testimony, paid $180 for nursing services, $25 for medicines, and $25 for X-ray photographs. It is true that, as to the $25 item for medicines, the defendant did not object to the question put to the plaintiff as it did when she was examined as to the other expenses, but we think that the case is similar to that of *García* v. *Fernández*, 52 P.R.R. 176, 183, in which this court held as follows:

"... As to the $175 which she says that she spent on drugs, it seems to us that her testimony is very general, since she did not try to itemize the amounts making up this sum, and much less during what period of time she used this amount; in other words, there is neither a receipt nor the testimony of any other person corroborating what Elena Ortiz said on this point."

The plaintiff failed to specify the drugstore in which she purchased the medicines, the character of the latter, or the

period during which such purchases were made; she did not produce any receipt evidencing any payment on account of those items, nor did she explain whether she owed them and if so to whom.

Similarly as we held in *Font* v. *Viking Construction Company, supra,* we think that the errors assigned do not carry with them a reversal of the judgment in the instant case but that from the sum of $1,000 granted as damages there should be deducted the items of $180, $25, and $25, totaling $230.

█ The fourth error assigned is that the sum of $1,000 awarded by the lower court as compensation is excessive and exorbitant. Since we have decided that there should be deducted the sum of $230 as improperly taken into account in fixing the amount of compensation, the reduced award now amounts to $770 which is neither exorbitant nor excessive, regard being had for the fact that the defendant was willing to pay $500 to the plaintiff and that the trial judge was in a better position than we are to assess the measure of compensation. We repeat that no charge has been made that the court had acted moved by passion, prejudice, or partiality, and we are of opinion that it was not error to thus raise the amount which the defendant itself admitted it was liable for in damages.

For the reasons stated the judgment appealed from must be modified by deducting $230 from the $1,000 allowed and fixing, therefore, at $770 the amount of compensation, and as so modified, the judgment is affirmed.

Mr. Justice Snyder took no part in the decision of this case.